[Civ. No. 24957. Second Dist., Div. Two. Nov. 28, 1960.]

WILLIAM DESMOND RYAN et al., Petitioners, v. SUPE-
PERIOR COURT OF LOS ANGELES COUNTY, Re-
spondent; ALICE CATT ARMSTRONG, Real Party in
Interest.

Downey A. Grosenbaugh for Petitioners.

No appearance for Respondent.

Phill Silver for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioners seek a writ of mandate commanding the respondent court to vacate its order sustaining the objections of the plaintiff, the real party in interest herein, to certain written interrogatories propounded to the plaintiff pursuant to the provisions of section 2030, Code of Civil Procedure, and to order the plaintiff to answer said interrogatories.

The action, pending in the respondent court and filed on February 17, 1960, seeks damages and injunctive relief for alleged unfair competition.

The first cause of action alleges in substance that, continuously from 1949 through 1958, plaintiff has published a series of biographical reference books under the names respectively of "Who's Who in Los Angeles County" and "Who's Who In California"; that she owns the trademarks and copyrights on said books; that said books are of interest to varied organizations and persons; that the style and design, and particularly the cover of white with a gold leaf-grained fabric embossed with gold lettering, were plaintiff's original creations and are unique.

Plaintiff then further alleges that, prior to 1959, defendants published biographical books in the county of Los Angeles which were identified by their blue covers and were sold under the trade name of "Blue Books"; that, in 1959, defendants for the first time published books using the same type of cover as the cover on plaintiff's publications; that the said books

*Assigned by Chairman of Judicial Council.

published in 1959 by defendants are an imitation and simulation of plaintiff's books which are calculated and likely to mislead and deceive purchasers into believing that defendants' books are the books of plaintiff; that said imitation and simulation has actually deceived and misled many persons and caused them to buy defendants' books; that, by reason thereof, plaintiff seeks damages in the sum of $25,000; that she also seeks an injunction, and an accounting of defendants' profits during the last two prior years, 1958 and 1959.

In the second cause of action, plaintiff, after incorporating most of the allegations of her first cause of action, alleges that she has obtained and assembled the biographical data published in her books by devoting great labor, intensive research and untiring efforts to the obtaining thereof continuously ever since the year 1949; that within four years last past (i.e. during the years 1956-1959), defendants have published a book entitled ''California Register'' under the trade name ''Blue Books''; that defendants in their said books wrongfully copied 1,800 names belonging to plaintiff from plaintiff's books; that defendants represented to the public that the names included in defendants' books were the property of the defendants and had been obtained by them from original sources; and that such conduct has misled many purchasers to buy defendants' books rather than plaintiff's books.

By reason thereof, it is further alleged that plaintiff has been damaged in the additional sum of $25,000, that she is entitled to an injunction and an accounting of defendants' profits during the last two prior years, 1958 and 1959. Plaintiff also seeks the award of $25,000 for exemplary damages on each of her said two causes of action.

Defendants filed an answer to said complaint denying the material allegations thereof and setting up certain affirmative defenses, including laches on plaintiff's part.

██ While mandamus is the proper remedy to compel a trial court to order a party to answer interrogatories propounded pursuant to section 2030 of the Code of Civil Procedure, the writ should not be granted unless there is a clear showing that the trial court has abused its discretion in refusing such an order. (3 Witkin's, California Procedure, 2531, and cases there cited.)

██ One of the prime purposes of the Discovery Act is to expedite the trial of the action. This purpose will be defeated if appellate courts entertain petitions for prerogative writs by which a review of the orders of trial courts in discovery

proceedings are sought and which do not clearly demonstrate an abuse of discretion by the trial court where discovery is denied, or a violation of privilege or of the provisions of section 19 of article I of the Constitution of this state where discovery is granted. This court will hereafter refuse to entertain petitions for prerogative writs in discovery matters which do not allege facts which would entitle the petitioner to the relief sought under the principles we have set forth.

In all discovery proceedings a broad discretion is vested in the trial court in granting or refusing to grant an order directed at discovery and whatever order the trial court may make may not be disturbed in the absence of an abuse of discretion by it. (*Dowell* v. *Superior Court,* 47 Cal.2d 483, 486 [304 P.2d 1009].)

Therefore, if interrogatories are reasonably subject to objection as calling for the disclosure of matters so remote from the subject matter of the action as disclosed by the issues framed by the pleadings as to make their disclosure of little or no practical benefit to the party seeking the disclosure or if to answer them would place a burden and expense upon the parties to whom the interrogatories are propounded which should be equitably borne by the propounder or if the interrogatories are so framed as to require the disclosure of relevant as well as irrelevant matter, the trial court in the exercise of its discretion may refuse to order such interrogatories answered. An appellate court may not substitute its judgment for that of the trial court unless there is no room for the exercise of discretion by that court.

With the foregoing principles in mind we undertake the examination of the 43 interrogatories which petitioner requests we command the superior court to order answered.

Interrogatories 14 to 17 inclusive, 15.1 through 15.22, 16.1 through 16.22, 17.1 through 17.22 and 18.1 through 18.22 all seek information relative to the publication of plaintiff's book for the years 1950 to 1953. All of the evidence which might have been elicited by these interrogatories would have been as to matters so remote from the time of defendants' alleged wrongful acts that it could have had little if any relevancy to matters that might be tried in the subject action nor would any of it have led to the discovery of recent evidence admissible at the trial. We cannot, therefore, say that the trial court abused its discretion in refusing to order them answered.

Interrogatories 12 to 12.16 are all designed to elicit

facts relative to a future publication of plaintiff's book, and except for the question of whether plaintiff's new work will contain any of the 1,800 names which plaintiff alleges were pirated by defendants from plaintiff's earlier work, they have no relevancy to any issue that might possibly be involved in the pending action. As to the exception we have noted, counsel for plaintiff stipulated during oral argument that as soon as plaintiff's next publication came off the press plaintiff would furnish defendants' counsel with a copy thereof. This stipulation was accepted by petitioners and the purpose of interrogatories which are directed towards those facts will have been served and the question as to whether they should be answered is now moot.

Interrogatory 34 is addressed to the names and addresses of all persons who have been employed by plaintiff in the publication of all issues of plaintiff's publication. While section 2030 of the Code of Civil Procedure permits inquiry to be made through interrogatories as to the identity and location of persons having knowledge of relevant facts, it does not, in our opinion, permit any such shotgun interrogatory as that here propounded. There must be at least some showing that the persons whose names and addresses are sought are potential witnesses as to some relevant fact. No such showing was made by petitioners before the trial court and none is made here.

Interrogatories 8.9 and 9.9, 8.10 and 9.10 would require the plaintiff to state her gross revenue and net profit from the sales of her publication during the years 1956 and 1957. Interrogatories 8.8, 8.11, 9.11 and 9.18 are directed to the number of books sold by the plaintiff during the years 1956 and 1957 and how many of the books sold in said years were sold to biographees listed in plaintiff's book and how many were sold to persons not listed and how many of the 1957 publication were sold to biographees not listed in that publication but who were listed in the 1956 publication. Interrogatories 8.12, 8.13, 9.12, 9.13, 9.14 and 9.15 require the plaintiff to state and name the biographees listed in plaintiff's 1956 publication and the plaintiff's 1957 publication who did not purchase those respective publications and to list and state the names and addresses of persons who purchased either of those publications but were not listed therein as biographees.

Interrogatories 8.14, 8.15, 9.16 and 9.17 require the plaintiff to state the number of plaintiff's 1956 publication and her 1957 publication which was sold to institutional buyers such

as newspapers, libraries and social organizations as well as individuals not biographees and to state the names and addresses of each of the purchasers.

It is self-evident that each of the interrogatories we have just listed would require the plaintiff to incur a considerable expense of time and money in making a detailed study of her books of account and her sales records and in compiling these and furnishing them to the defendants. Paragraph (b) of section 2030 of the Code of Civil Procedure expressly vests the trial court with discretion to refuse to require answers to interrogatories which would subject the party interrogated to annoyance or expense. The purpose of the Discovery Act is to permit a party to prepare himself for trial and to discover any relevant admissible evidence or matters reasonably calculated to lead to the discovery of admissible evidence, it does not require one party to, at his expense, prepare the case of his opponent. The respondent court, by refusing to require answers to these questions, did not deprive the defendants of discovery. The defendants could, if they so chose, take the deposition of the plaintiff and through that deposition discover the nature and location of any books or other documents in which the information they sought was recorded by the plaintiff and with this information they could require the production of those books by the plaintiff and could then themselves inspect those books and compile the lists which by their interrogatories they sought to compel plaintiff to compile for them.

Interrogatory 9.19 required the plaintiff to list the name of each biographee whose name appeared in the 1956 edition of plaintiff's work who did not appear in the 1957 issue. Each of these publications was available to the defendants and certainly it cannot be said that the court abused its discretion in not requiring the plaintiff to do the clerical work of checking the names in one publication against those in the other when the records from which this work could be done were equally available to the defendants.

Interrogatories 8.17, 9.20 and 9.21 asked that the plaintiff give the source from which she obtained the name of each biographee listed in plaintiff's 1956 and 1957 books and to state the name of any individual recommending the inclusion in the book of each biographee. If these interrogatories had been limited to the 1,800 names which plaintiff charges the defendants with pirating they might have had some relevance to the issues but they were not so limited but covered

all names in the publication and thus were so broad in scope as to fully justify the court in refusing to require them to be answered. It was not the function of the trial court to reframe the interrogatories so as to confine them to relevant issues.

 Interrogatories 8.19, 8.20 and 9.22 ask that the plaintiff state the names of biographees whose names appeared in either the 1956 or 1957 editions of plaintiff's books who had requested that their names be deleted from plaintiff's publication and to state the reasons given by each such biographee for his request. These interrogatories are designed to lead defendants to the discovery of admissible evidence on the issue of damages. It is possible and quite probable that at the trial of the action plaintiff would attempt to prove a loss of clientele occurring after defendants' wrongful acts and to seek to have the court draw the inference that this loss was due to said wrongful acts. Defendants are entitled to the opportunity to ascertain either from plaintiff or from the biographees in question themselves the reason for their requests that their names be deleted. We believe the court abused its discretion in refusing to order the plaintiff to answer these interrogatories.

Plaintiff, real party in interest here, asserts that the information sought by the interrogatories last above mentioned is confidential information and a trade secret and, therefore, the court could in its discretion refuse to require them to be answered. In our opinion, there is nothing in the nature of confidential information or a trade secret involved in these interrogatories but assuming that there was, plaintiff failed to apply to the trial court pursuant to the provisions of section 2019, Code of Civil Procedure, for a protective order.

The alternative writ is discharged. Let a peremptory writ of mandate issue requiring the respondent court to set aside its order sustaining the plaintiff's objections to interrogatories 8.19, 8.20 and 9.22 and to enter its order requiring the plaintiff to answer said interrogatories. All other relief is denied.

Fox, P. J., and Ashburn, J., concurred.