[L. A. No. 26171. In Bank. Aug. 3, 1961.]

WEST PICO FURNITURE COMPANY OF LOS ANGELES, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PACIFIC FINANCE LOANS, Real Party in Interest.

412

Ralph H. Winkler, Ellis J. Horvitz and Ted T. Ward for Petitioner.

No appearance for Respondent.

Sheppard, Mullin, Richter & Hampton and Frank Simpson III for Real Party in Interest.

PETERS, J.—This is a proceeding in mandate seeking to compel respondent court to set aside its order sustaining objections to certain interrogatories propounded by petitioner to Pacific Finance Loans, the real party in interest (hereafter referred to as "Pacific"). The order was made in a pending action brought by petitioner against Pacific alleging that certain transactions between the parties in the form of sales were in reality loans to petitioner at usurious rates of interest. Pacific denied and cross-complained, alleging that, by reason of default by the vendees on a large number of conditional sales contracts purchased by it from petitioner, a substantial sum of money was owed to it. Petitioner counterclaimed, alleging a violation by Pacific of the Personal Property Brokers Law (Fin. Code, § 22000 et seq.). Pacific answered some of the interrogatories, and filed objections to the balance. On the hearing, the respondent court overruled a portion of the objections and sustained the objections to interrogatories 4, 6a through 6g, inclusive, 6j, 6k, and 7. The portion of the order sustaining the objections is here under attack. Before considering petitioner's attack on the order, consideration should first be given to certain arguments advanced by Pacific in support of the order.

Pacific first contends that, when an order made under the provisions of section 2030 of the Code of Civil Procedure comes before an appellate court for review, the party who filed and relied on objections in the trial court may urge new and additional objections not urged below.[1] ▮▮▮ This contention is based on the general rule that an order or judgment of a trial court will be sustained, without regard to the reasons

---

[1] The purpose and effect of section 2030 is discussed in *Greyhound Corp.* v. *Superior Court, ante,* p. 355 [15 Cal.Rptr. 90, 364 P.2d 266], decided this day. It is sufficient to note here that the section provides for the serving of interrogatories without prior order of court, for the filing of objections by the party so served, for a hearing and ruling on such objections, and for the making of protective orders as in other forms of discovery.

given by that court, if adequate grounds existed for the making of that order or judgment. This is undoubtedly sound law. But to invoke that rule the grounds relied on must have existed at the time the order was made in the trial court. This condition precedent does not here exist. This is so because section 2030 provides that a party upon whom interrogatories have been served must serve and file answers under oath within 15 days after service unless he has, within 10 days after such service, filed written objections thereto together with a notice of hearing.[1a] There is no provision for the subsequent filing of objections. When Pacific filed its objections and noticed the same for hearing, and 10 days from the date of original service had elapsed, it could not, in the absence of a showing of good cause for relief from default, file further objections. It follows that the only grounds that existed at the time the trial court made its order, and on which it could then predicate the same, were the grounds stated in Pacific's objections as originally filed. This court may not consider the objections to the several interrogatories which Pacific has raised for the first time in this proceeding.[2]

 The second general contention made by Pacific is that petitioner has failed to show that the trial court abused its discretion, and therefore is not entitled to relief. Undoubtedly, as pointed out in the *Greyhound* case, *supra*, the trial court

---

[1a]Stats. 1961, chap. 249, will amend section 2030 by deleting this procedure, and will substitute the right to state objections in lieu of response. The proponent may then move for an order of court requiring further response. Such amendment will have the effect of placing the burden on the proponent rather than on the objector.

[2]This result is not contrary to the holding in *Greyhound, supra,* to the effect that this court could consider facts not presented to the trial court, but which were alleged in the petition for the writ and admitted to be true. The situation there presented was one where, if we had not considered the admitted fact, it would have required a second proceeding to be filed in which that fact could have been alleged and proved. It did not involve objections to interrogatories which, by express code provision, may not be filed after a specified time limitation. In the present case, the ruling here made in reference to the new objections does not cause the parties to engage in a new or separate proceeding in order to bring additional material before the court. Furthermore, the bulk of the objections that Pacific attempts to make here for the first time are without merit. Illustrative is the objection that answers to the interrogatories are not ''essential'' to the preparation of petitioner's claims, and that petitioner will not be ''irreparably harmed'' if it does not obtain the answers. Such objections misconceive the purpose of the discovery act as announced by this court in *Greyhound, supra,* and the other cases on this subject, this day filed. They also overlook the proposition that the code allows interrogatories as a matter of right unless the opponent can state valid objection thereto.

has considerable discretion in matters pertaining to discovery. It is equally true that such discretion will not be set aside in the absence of abuse. ▮▮▮ The proper rule was stated in *Ryan* v. *Superior Court,* 186 Cal.App.2d 813, 816-817 [9 Cal.Rptr. 147], as follows:

"One of the prime purposes of the Discovery Act is to expedite the trial of the action. ▮▮▮ This purpose will be defeated if appellate courts entertain petitions for prerogative writs by which a review of the orders of trial courts in discovery proceedings are sought and which do not clearly demonstrate an abuse of discretion by the trial court where discovery is denied, or a violation of privilege or of the provisions of section 19 of article I of the Constitution of this state where discovery is granted. This court will hereafter refuse to entertain petitions for prerogative writs in discovery matters which do not allege facts which would entitle the petitioner to the relief sought under the principles we have set forth."

▮▮▮ This quoted language does not require a petitioner seeking to show an abuse of discretion to allege specifically that the trial court has committed such abuse. It is sufficient to allege, as pointed out in the last sentence of the quotation from the *Ryan* case, *supra,* the facts that show such abuse. In issuing the alternative writ this court indicated its belief that petitioner had alleged sufficient facts to show, prima facie, an abuse of discretion. Later in this opinion, there will be considered the question as to whether, in view of the entire record, including Pacific's answer to this petition, an abuse of discretion has been shown.

▮▮▮ Pacific next contends that the petitioner failed to file its petition for hearing in this court[3] within the time provided by the Rules on Appeal, in that such petition was not filed within 10 days of the denial, without opinion, as required by rule 28(b). This contention was impliedly rejected at the time this court granted the hearing, and properly so. The 10th day after such denial was a Sunday, a legal holiday. Section 12a of the Code of Civil Procedure provides that in such event the time is extended to the next day. The petition was filed on such next day, and was, therefore, filed in time.

---

[3]Petitioner originally filed its application for a writ in the District Court of Appeal, Second District, Division Two. That court denied the petition without opinion, and petitioner then sought a hearing in this court, which was granted.

We pass now to a consideration of the specific interrogatories to which objections were made and sustained by the trial court.

Interrogatory Number 4 requests the names and addresses of all employees who participated in the various transactions between the parties, together with the duties performed by each, and the period of time during which each such employee participated. Read against the pleadings, the transactions referred to in this interrogatory are the transactions to which the parties have referred in their respective pleadings. Pacific objected to this interrogatory on the several grounds that: (a) it is burdensome and oppressive, both in regard to the names of the employees and to the periods during which they participated; (b) it is irrelevant to the issues of the case; and (c) it calls for the opinions and conclusions of the answering party, both as to the duties of the employees and as to the periods of time during which each participated.

It is apparent that the information requested in this interrogatory is "reasonably calculated to lead to the discovery of admissible evidence." (Subd. (b) of § 2016.) From a list of the names of Pacific's employees who handled the transactions, together with some indication of dates and duties, petitioner will be placed in a position so that it can select one or more such employees for the purpose of taking depositions. Frequently in discovery cases it is argued, with some merit, in the appellate courts that the party seeking information in his adversary's possession should not make such a request until he has learned, by deposition, sufficient facts so that he can properly identify the information desired. But as a necessary corollary it must follow that such a party must not be prevented from first seeking (through an otherwise proper vehicle of discovery) sufficient information to enable him to take depositions. Moreover, other grounds of relevancy to the subject matter of the action are readily apparent.

Pacific's claim that the interrogatory is not relevant to the "issues" has been disposed of in the *Greyhound* case, *supra*, and is without merit.

Pacific's contention that the interrogatory calls for its opinions and conclusions is unsound. Obviously the names and duties of one's own employees, and the dates on which they performed specific duties, is not a matter of opinion.

Possibly Pacific means that it maintains no specific records from which it may readily obtain such names, and that as a consequence it does not have readily available this source of information, but, if so, such contention goes to the question of burden and oppression. ▇ Moreover, even if it be conceded that the question does call for an opinion and conclusion, that fact, *of itself*, is not a proper objection to an interrogatory. Such objection may be proper when the answer is intended to have probative value, but it may not be utilized on discovery as a means of preventing a party from obtaining information that will lead him to probative facts (*Greyhound Corp.* v. *Superior Court, supra, ante,* p. 355).

▇ The last objection of Pacific to interrogatory Number 4 is that it is burdensome and oppressive. In support of that objection Pacific filed, in the trial court, the declaration of the manager of its commercial operations and administration department, alleging that the information requested could only be obtained by a search of the records of 78 of its branch offices. Other specific requirements were also set forth, but no estimate was made of the total man hours required to accomplish the task. Certainly that declaration indicated some burden would be imposed on Pacific to answer the interrogatory, but the extent thereof was not specifically set forth. But the declaration did not indicate any evidence of oppression.

▇ Oppression must not be equated with burden. The objection based upon burden must be sustained by evidence showing the quantum of work required, while to support an objection of oppression there must be some showing either of an intent to create an unreasonable burden or that the ultimate effect of the burden is incommensurate with the result sought. ▇ Certainly, in the instant case, under the rules laid down in the *Greyhound* case, *supra,* the trial court, in its discretion, could properly hold that interrogatory Number 4 was burdensome. The fact that that court made no record of the ground on which it sustained the objection would not authorize this court to assume that the trial court did not base its decision on a finding that the question did entail burden. ▇ But, under the pertinent code sections burden, alone, is not a ground for objection. In addition to expressly incorporating the provisions of subdivision (b) of section 2016, and of subdivision (b) of section 2019, subdivision (b) of section 2030 provides that the court may ''protect the [objecting] party from annoyance, expense, embarrass-

ment or oppression." Subdivision (b) of section 2019 includes similar language, omitting the word "expense." Each of the sections grants the power to make such orders as justice requires, but none of them so much as refers to "burden." This indicates a legislative acknowledgment that some burden is inherent in all demands for discovery. ▮▮ The objection of burden is valid only when that burden is demonstrated to result in injustice. Hence, the trial court is not empowered to sustain an objection *in toto,* when the same is predicated upon burden, unless such is the only method of rendering substantial justice. ▮▮ From the facts presented here, it is clear that total rejection of the interrogatory indicates a failure by the trial court to recognize the discretionary power to grant in part and deny in part, and to balance the equities, including costs, that is to balance the purpose and need for the information as against the burden which production entails, all as set forth in the *Greyhound* opinion, *supra.* (See also *Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548, 575 [7 Cal.Rptr. 109, 354 P.2d 637].) The order of the respondent court, insofar as it applies to interrogatory No. 4, should be set aside to permit a review at the trial level for the purpose of determining whether or not justice requires that the objection be sustained *in toto* or in part, or be denied *in toto,* or be denied with limitations as to the manner of bearing the burden and the party who should bear it.

▮▮ Interrogatories Numbers 6a to 6g, inclusive, refer to conditional sales contracts which Pacific alleges, in its cross-complaint, were purchased by it from petitioner. As to such contracts the interrogatories ask for date of purchase, face amount, amount to be paid by purchaser and date due, dates and amounts of payments (if any) made by the conditional vendees directly to Pacific, dates of defaults (if any) by the conditional vendees, dates and manner of notification of such defaults (if any) by Pacific to petitioner, together with information regarding repurchase of such defaulted conditional sales contracts, and the arrearages due on the dates of such repurchases. Undoubtedly, the period of time covered by the interrogatories is greater than the period of time during which the conditional sales contracts referred to in the pleadings were alleged to have been purchased by Pacific. Hence the questions entail answers regarding more contracts than those on which Pacific relies. However, it cannot be said, without a proper showing, that the same information regarding

earlier sales (under the same master agreement) will not be relevant to the subject matter of the action.

Pacific made but two objections to these interrogatories, which were: (a) that they entailed burden and oppression, and (b) that they called for contents of documents as to which plaintiff had not first shown good cause for inspection.[4] All that was said above in regard to burden and oppression is equally applicable to these interrogatories. It should be noted, however, that the very form of interrogatory Number 6, and of its many subinterrogatories, may of itself constitute a burden distinct from the burden entailed in answering them. These interrogatories are what, for the lack of a better phrase, can be described as ''shotgun'' questions. The form is such that requires the reader to spend extra unnecessary time and effort in order to ascertain that he has not overlooked the impact of references back to preceding subinterrogatories. This type of interrogatory should be avoided, and the trial court possesses the power to regulate them. But, such form alone cannot be made the sole basis for sustaining an objection *in toto* to the requested interrogatory. Rather, it is a fact to be considered by the trial court in arriving at the exercise of its discretion. Rather than deny the interrogatory *in toto*, the trial court, in a proper case, of which this may be one, should require it to be rephrased.

 The objection that these interrogatories call for the contents of documents to which plaintiff has not shown good cause for *inspection* is clearly without merit. In the first place, petitioner has not sought an *inspection* which, as pointed out in the *Greyhound* case, is one of the two vehicles of discovery for which good cause must first be shown. In the present proceeding, petitioner simply seeks information concerning those documents. Part of that information would be obviously necessary in order to identify the specific documents should inspection be later desired. Inspection may not be had without adequate identification of the document sought to be inspected. This was the rule prior to the present dis-

---

[4] One of the objections urged for the first time in this court is that these particular interrogatories seek an accounting to which petitioner cannot establish its right until that issue is settled at trial. Even if we could, properly, consider this objection, it would be denied for the reason that petitioner is seeking information directly relevant to the issue of damages. The fact that a triable issue has not yet been determined cannot bar the disclosure of information sought for the very purpose of trying that issue.

covery statutes (*Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 458 [81 P.2d 150, 118 A.L.R. 259]), and such is the rule under the present act (see discussion 2 DeMeo, California Deposition and Discovery Practice, § 10.10, p. 141). Should petitioner later seek inspection of these very contracts, but be unable to clearly specify the same with particularity, it would undoubtedly be met with the contention that it must first seek identification by interrogatories or deposition before seeking inspection. ▮▮▮ This serves to point up the fact, mentioned in the *Greyhound* case, *supra,* that the various vehicles of discovery are meant to be complementary of one another. No vehicle of discovery can be used to bar absolutely the operation of another.

▮▮▮ There is another reason why the objection now under consideration may not be sustained. The objection overlooks the provisions of subdivision (c) of section 2030. That section provides, in part:

"Where the answer to any interrogatory may be derived or ascertained from the business records of the party to whom such interrogatory is addressed or from an examination, audit or inspection of such business records . . . it shall be a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party by whom the interrogatory was proposed reasonable opportunity to examine . . . ."

Under this section, if Pacific did not desire to answer interrogatory Number 6, and each of its subdivisions, in full, it had the opportunity to place the burden of obtaining that information on the petitioner by simply specifying the documents in which the information is contained, and affording petitioner an opportunity to examine them. It failed to avail itself of this procedure. It is, therefore, in no position to object to the interrogatories on the ground that they call for the inspection of documents.

▮▮▮ Interrogatory Number 6j reads as follows: "State whether, in connection with each purported purchase of a conditional sales contract, defendant furnished to plaintiff a statement expressing the charges to be assessed against plaintiff as a percentage per month of the unpaid principal balance or portion thereof." This question is obviously aimed at ascertaining facts in relation to the issue raised by petitioner's allegation that Pacific had breached the provisions of the Personal Property Brokers Law. It is based upon those sec-

tions of the Financial Code which define the charges which such a broker may make (§§ 22003-22005), the maximum charges which may be made (§§ 22451-22454), and which provide for the giving of a notice of charges at the time the loan is made (§ 22473). As such, there is no question of its relevancy, and Pacific raises none. Its objections are that the question assumes a fact not in evidence, and that it is compound in form. The interrogatory makes no such assumption, and it is not compound. But even if both objections were meritorious, that would not be grounds for objection to an interrogatory propounded under the provisions of section 2030. As was pointed out in the *Greyhound* case, *supra,* objections such as here raised to the form of the question are for the protection of a witness on oral examination. When, as here, the answer is to be made in writing, after due time for deliberation and consultation with counsel, an answer may be framed which avoids the pitfalls, if any, inherent in the form of the question. Pacific, in an attempt to avoid this conclusion, claims that the rules for interrogatories propounded under section 2030 are the same as those for the taking of oral depositions. This is not so. As was pointed out in the *Greyhound* case, *supra,* in footnote 16, subdivision (c) of section 2016 is not incorporated, by reference or otherwise, into the balance of the discovery provisions.

To interrogatory Number 6k (which need not be set forth here because its relevancy was not questioned), Pacific filed four objections all of which have been discussed and answered above (inspection of documents, opinion and conclusion, assumption of facts not in evidence, and compound form of question). What was there said in regard to those objections is equally applicable here.

 Interrogatory Number 7 was objected to on the same unsound grounds, and on the further ground that it is irrelevant to the issues. Such irrelevancy, even if it existed, for reasons already stated, would not be ground for objection. But perhaps Pacific intended to complain that the interrogatory was irrelevant to the subject matter of the complaint. In essence, the question seeks to determine whether Pacific has, during a stated period, entered into any similar transactions with any other parties, which transactions embodied certain conditions set forth in the interrogatory, and which conditions presumably relate to the terms and conditions of the agree-

ment which exists between the parties hereto. Whether or not information concerning other, but similar, transactions by one party to the action may be deemed relevant to the subject matter of the action, or whether it could lead to admissible evidence, are questions that conceivably might be determined from a careful examination of the pleadings. But this is not the burden of petitioner. As a litigant, it is entitled to demand answers to its interrogatories, as a matter of right, and without a prior showing, unless the party on whom those interrogatories are served objects and shows cause why the questions are not within the purview of the code section. Apparently, to meet that burden, Pacific filed declarations and voluminous points and authorities in the trial court. An examination thereof, perhaps might show whether interrogatory Number 7 calls for information relevant to the subject matter of the action, or may lead to admissible evidence. But inasmuch as the proceeding must be remanded to the trial court, it will be fairer to both parties to permit that court to make that determination, and then to exercise the discretion to take any one of several possible steps authorized by the statute, and discussed in this and the other opinions this day filed.

Let a peremptory writ of mandate issue requiring respondent court to vacate its order sustaining the objections to the specified interrogatories, and directing it to reconsider those objections, and to make its order in reference thereto in accordance with the views expressed herein.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., White, J., and Dooling, J., concurred.

The petition of the real party in interest for a rehearing was denied August 30, 1961. McComb, J., did not participate therein.