[Civ. No. 33998.   Second Dist., Div. Five.   Apr. 30, 1969]

RUTH WINSLER PANTZALAS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PACIFIC INDEMNITY COMPANY, Real Party in Interest.

Amil Roth for Petitioners.

No appearance for Respondent.

Veatch, Carlson, Dorsey & Quimby and Frederick C. Quimby, Jr., for Real Party in Interest.

ALARCON, J. pro tem.*—The petitioners seek a peremptory writ of mandate to compel the Superior Court of Los Angeles County to vacate its order denying petitioners' motion to compel further answers to the written interrogatories numbered 1 and 2 and to issue a new order granting their request in the matter entitled Ruth Winsler Pantzalas, etc. v. Pacific Indemnity, Superior Court number WEC 14538.

### FACTS

Prior to his death, John M. Pantzalas was an employee of the Regents of the University of California. The Pacific Indemnity Company, the real party in interest, acting as the insurer entered into a master group accidental death and dismemberment insurance policy with the Regents of the University of California, as the employer, effective January 1, 1964, to cover the employees of the Regents as the insured. On December 1, 1965, Mr. Pantzalas became insured under the master group policy. He named as beneficiaries his wife, Ruth Winsler Pantzalas, and his daughter, Patricia Ann Pantzalas, the petitioners in this matter.

On July 15, 1967, Mr. Pantzalas, while still employed by the Regents, was killed in a mid-air collision between two airplanes. The master group insurance policy was still in effect on this date. The petitioners made application to the Pacific Indemnity Company for the payment of death benefits. The Pacific Indemnity denied any liability and refused to make payment.

On July 1, 1968, the petitioners filed a complaint in the

---

*Assigned by the Chairman of the Judicial Council.

respondent superior court against the Pacific Indemnity Company. The complaint alleges a cause of action for breach of contract and one founded on estoppel to deny that the manner in which death occurred was covered by the master policy. The petitioners also alleged in their complaint that no individual certificate of group insurance was issued to John M. Pantzalas.

The Pacific Indemnity Company filed its answer on August 12, 1968. A breach of contract was denied on the grounds that the master policy excluded coverage under the circumstances in which John M. Pantzalas met his death. The answer also denied the allegation of the complaint that no individual certificate of group policy was issued and that the Pacific Indemnity Company was estopped from relying on the exclusion provisions of the master policy.

The crucial issue in the trial of this matter will be the determination of whether there was an exclusion of coverage as alleged in the answer and if so whether Mr. Pantzalas was placed on notice of the terms of policy. If an individual certificate was issued to Mr. Pantzalas then the terms of the individual certificate would show the scope of the coverage and the text of any exclusion. In order to determine whether there was any factual basis for the allegation in the answer to the complaint that the policy issued to Mr. Pantzalas contained an exclusion of coverage for the type of accident which caused his death and whether there was any factual basis for the implied contention that an individual certificate was issued to him, the petitioners served written interrogatories on the Pacific Indemnity Company on August 21, 1968. ▇ An interrogatory may be used to ascertain the contentions of the adverse party upon which it bases its denial of liability. (*Universal Underwriters Ins. Co.* v. *Superior Court*, 250 Cal. App.2d 722, 728 [58 Cal.Rptr. 870].) The interrogatories with which we are concerned in disposing of this petition read as follows:

"No. 1. Is it your contention that John M. Pantzalas was issued an individual certificate in connection with his insurance under the group insurance contract here in question?"

"No. 2. If your answer to Interrogatory 1 above was other than an unqualified negative, then state:

"a. The verbatim contents of such certificate delivered to John M. Pantzalas; if you or your agents have maintained a copy of such certificate so delivered to John M. Pantzalas,

then you may furnish a copy thereof in lieu of stating verbatim the contents;

b. If you or any of your agents maintained a copy of such certificate so delivered to John M. Pantzalas, then state where such copy is presently located and the name of the person who has possession of it; if the person who has possession is the Regents of the University of California, then also state the employee or agent of the Regents of the University of California who is charged with maintaining possession of such copy;

"c. When and where was such certificate delivered to John M. Pantzalas and by whom was it so delivered?

d. Who wrote the particular certificate so delivered to John M. Pantzalas?"

The Pacific Indemnity Company's answers to the above interrogatories were as follows:

"No. 1. It is defendant's belief that such a Certificate, and a copy of his application for coverage, was issued to John M. Pantzalas. However, the acceptance of written applications for coverage under this policy by employees of the University of California, and the issuance and delivery of Certificates to such employee-insureds is a matter handled by the University of California and its staff and not by this answering defendant. Accordingly, defendant refers plaintiffs to The University of California for a definitive answer to this question. Defendant can only state that all of the circumstances of this case as well as standard practice of the University in connection with the application for and the acceptance of coverage under the Master Policy, would seem to indicate that such a Certificate was so issued."

"No. 2. The Certificate would include a copy of the application made by the insured, and counsel for plaintiff already has a copy of this document. It is attached to the Complaint and marked Exhibit B. A copy of the application which formed a part of the Certificate was retained by the Regents but the defendant does not know the name of the employee or agent charged with maintaining possession of such copy. The information as to when the Certificate was delivered to John M. Pantzalas and by whom would have to be obtained from the University of California. The printed portions of the Certificate were composed by defendant; except for statistical information inserted by the University upon receipt of an application, the handwritten portions of the application which forms a part of a complete certificate are completed by the applicant and it is assumed that John M. Pantzalas completed

the application which formed a part of the Certificate issued to him.''

On October 8, 1968, the petitioners filed a notice of motion to compel further answers and a memorandum of points and authorities. No written opposition to the motion was filed. The motion was heard and argued on November 1, 1968. On November 6, 1968, the respondent superior court issued a minute order without written opinion setting forth its denial of the petitioners' motion to compel further answers.

### PROBLEM

■ The petitioners contend that an insurer on a master group policy must answer an interrogatory concerning information which is available in the files and records and within the knowledge of the appropriate employees of the employer of the insured person.

The real party in interest argues that since the answers to the two interrogatories are not contained in the files and records of the Pacific Indemnity Company, the answers given were sufficient since the petitioners were referred to the Regents who have possession and control of the pertinent files and records.

### DISCUSSION

A party to a civil action who is served with a written interrogatory must furnish such information as is available to the party served, in writing and under oath. The answers to an interrogatory must be responsive to the question. If the party seeking the information wishes a further response he may file a motion to compel further answers. When the party served with an interrogatory is a private corporation, partnership or association the answer to the interrogatory shall be answered by an officer or agent. (Code Civ. Proc., § 2030.)

■ If the information which is sought is not in the possession of the party served or of its agent, then it is a sufficient answer to indicate that the information is unavailable or to refer to the person or entity which can provide the information. Where the information sought is equally available to the propounder of the interrogatory, the burden and expense of any research which may be required should be borne by the party seeking the information. (*Bunnell* v. *Superior Court,* 254 Cal.App.2d 720, 723-724 [62 Cal.Rptr. 458].)

■ In its answer to the interrogatories the Pacific Indemnity Company referred the petitioners to the University for a definite answer and pointed out that the issuance and

delivery of individual certificates to employees were handled by the University of California.

This case poses a unique problem in interpreting section 2030 of the Code of Civil Procedure because of the manner in which group insurance policies are administered. If the issuance of individual certificates were handled by employees on the payroll of the Pacific Indemnity Company then there would be no question that the information sought by the petitioners was available in the files and records of the party served (the Pacific Indemnity Company).

Group insurance policies such as the one involved in this matter are administered either directly by the insurer, or by the employer. (*Elfstrom* v. *New York Life Ins. Co.*, 67 Cal.2d 503 [63 Cal.Rptr. 35, 432 P.2d 731].)

Under the agreement between Pacific Indemnity and the Regents of the University of California, the acceptance of the employee's written application and the issuance and delivery of an individual certificate of insurance were handled directly and solely by the University of California. All files and records concerning the issuance and delivery of the individual certificates are in the possession and control of the University of California.

It is now settled under California case law that an employer under a group insurance policy is the agent of the insurer in performing the functions necessary to administer the insurance provided by the policy. (*Elfstrom* v. *New York Life Ins. Co.*, 67 Cal.2d 503 [63 Cal.Rptr. 35, 432 P.2d 731]; see also *Walker* v. *Occidental Life Ins. Co.*, 67 Cal.2d 518 [63 Cal.Rptr. 45, 432 P.2d 741].)

The *Elfstrom* case appears to us to be controlling in resolving the issues presented by the petitioners. Since the University of California is the agent of the Pacific Indemnity Company, the information sought by the petitioners is available to the real party in interest through its agent.

An objection to an interrogatory on the grounds of burden is not valid unless the burden results in injustice. (*West Pico Furniture Co.* v. *Superior Court*, 56 Cal.2d 407 [15 Cal.Rptr. 119, 364 P.2d 295].) While it may impose a burden on the insurer to do the necessary research to obtain the requested information as to whether an individual certificate was issued to Mr. Pantzalas, it is a burden which is inherent in the way the real party in interest has elected to do business. Group insurance is profitable to an insurance company because it can sell policies on a mass basis, at negligible

per capita sales and administration costs. (See discussion on group insurance policies in *Elfstrom* v. *New York Life Ins. Co.,* 67 Cal.2d 503 [63 Cal.Rptr. 35, 432 P.2d 731].) The occasional inconvenience or expense in ferreting out answers to appropriate questions concerning the issuance of individual certificates does not seem to us to be an unreasonable hardship.

We hold that an insurer is required to answer interrogatories concerning the existence of an individual certificate and its issuance and delivery to an insured, although the responsibility for the administration of the policy and the issuance and delivery of individual certificates has been delegated to the employer.

The answers given by the real party in interest did not unequivocally set forth whether the real party in interest is relying on the delivery of an individual certificate and notice of the exclusions to Mr. Pantzalas. The respondent court abused its discretion in denying the motion for further response.

It is ordered that the alternative writ be discharged, and that a peremptory writ of mandate issue directing the trial court to vacate its order denying the motion to compel further answers to the interrogatories and to enter a new order requiring further answers.

Kaus, P. J., and Reppy, J., concurred.