[Civ. No. 34744. Second Dist., Div. Two. Aug. 25, 1969.]

KAISER FOUNDATION HOSPITALS et al., Petitioners v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JON ALLEN HOWARD, a Minor, etc., Real Party in Interest.

Thelen Marrin, Johnson & Bridges, James M. Radnich and Harry D. Palmer for Petitioners.

No appearance for Respondent.

Harney, Ford & Schlottman and Robert E. Ford for Real Party in Interest.

FLEMING, J.—In a malpractice action pending against a hospital, a medical partnership, and an attending physician, defendants seek to prohibit the superior court from requiring them to give further answers to seven interrogatories.

Interrogatories 2 and 6 and defendants' answers to them read:

### Interrogatory No. 2

"In the event your answer to the foregoing interrogatory [Did Mary Lou Howard give birth to Jon Allen Howard at Kaiser Foundation Hospital in Panorama City, California, on or about November 24, 1963] is in the affirmative, state in exact detail all of the facts and circumstances leading up to the delivery of the said child at said time and place, and state in detail the course and progress of the labor, and state in detail the course and type and kind of delivery procedure which was employed.

"ANSWER. The answer to this interrogatory may be derived or ascertained from defendants' medical records. Reasonable opportunity to examine, audit or inspect such records and to make copies thereof, or compilations, abstracts, or summaries therefrom, is hereby tendered to plaintiff pursuant to California Code of Civil Procedure § 2030."

### Interrogatory No. 6

"State whether or not any x-rays were taken of Mary Lou Howard during her pregnancy which resulted in the birth of Jon Allen Howard on or about November 24, 1963, and in

connection with answering this interrogatory, state in exact detail when such x-ray or x-rays were made and the radiological interpretation of such x-ray or x-rays.

"ANSWER. The answer to this interrogatory may be derived or ascertained from defendants' medical records. Reasonable opportunity to examine, audit or inspect such records and to make copies thereof, or compilations, abstracts, or summaries therefrom, is hereby tendered to plaintiff pursuant to California Code of Civil Procedure § 2030.'' Interrogatories 4 and 5, and their answers, are similar to interrogatory 2, and interrogatories 7, 12, and 13, and their answers, are similar to interrogatory 6.

Deeming these answers unresponsive, plaintiff moved the court for an order requiring further response to his interrogatories. Apparently plaintiff took no steps to examine the records tendered by defendants and took no steps to bring these records before the trial court to support his motion to require further answers. Rather plaintiff relied on the argument that defendants could not use the method of tendering business records provided by Code of Civil Procedure section 2030 subdivision (c), but were required to prepare a complete, detailed summary of events leading up to and relating to the birth of plaintiff. The trial court accepted this argument and ordered defendants to file further answers. Defendants then petitioned this court for a writ of prohibition.

Prohibition is available to control the trial court's exercise of discretion in discovery proceedings (*Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185 [23 Cal.Rptr. 375, 373 P.2d 439]), and to vacate abuses of that discretion (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 383 [15 Cal.Rptr. 90, 364 P.2d 266]). The controversy is thus properly before us.

The statute relied on by defendants, section 2030 subdivision (c), reads:

"When in order to answer an interrogatory it is necessary to make a compilation, abstract, audit or summary of the business records of a party, and such a compilation, abstract, audit or summary does not exist, or if it does exist, it is not in the possession or under control of such party, it shall be a sufficient answer to such interrogatory to so state and to specify the records from which the answer may be derived or ascertained and to afford to the party by whom the interrogatory was proposed reasonable opportunity to examine, audit

or inspect such records and to make copies thereof or compilations, abstracts or summaries therefrom.'' This section furnishes an alternative method to answer an interrogatory requiring a summary of business records of a party, one which may be used at the option of the answering party. (*West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 420 [15 Cal.Rptr. 119, 364 P.2d 295].) The question is whether its use was proper in this instance.

We have nothing before us to show what the records are which have been tendered by defendants and nothing to show what is contained in those records. In the absence of specific information about the contents of these records we are forced to rely on presumption. On this basis we conclude that defendants' answers, given under oath, presumptively fall within the scope of the statute, and that plaintiff's motion to require further answers was unsupported by any showing of inadequacy of the answers given.

Normally, each significant event in a medical procedure is recorded, and the recording is done as nearly contemporaneously as possible with the event itself. Ordinarily, the written record is far more accurate and contains far more detail than the personal recollection of a participant in the event. On the basis of experience it is reasonable to accept defendants' verified statements that accurate and full answers to the questions propounded by the interrogatories are found in defendants' medical records and that further answers to the interrogatories would amount to no more than summaries of the business records of the parties. In submitting the answers they did defendants have represented that such are the facts of this case. With respect to the answers of the hospital and medical group, it would appear from their answer to interrogatory 2 that they have no knowledge of the circumstances of the birth other than that provided in defendants' medical records. The same is true of interrogatory 6, with the added factor that it appears improbable that the hospital and medical group could have any knowledge of X-ray procedure and interpretation other than that contained in medical records. With respect to the attending physician, his answer to interrogatory 2, reasonably interpreted, declares that all information he has about the course of the labor, the delivery of the child, and the procedure employed is contained in defendants' medical records. The same conclusion follows from his answer to interrogatory 6.

In his points and authorities plaintiff relies almost entirely on his right to obtain answers to interrogatories *under oath.* But, in fact, answers to the interrogatories were given under oath, having been verified by a representative of the hospital, a representative of the medical group, and by the attending physician himself. The verification in effect declares that all information in the medical records is true, accurate, and complete and that no other information on the subject is available to defendants. Under such circumstances and in the absence of any showing that these records are incomplete or inaccurate, we think that the information sought falls within the provisions of section 2030 subdivision (c), that the answers given by defendants were presumptively responsive, and that the entry of an order requiring further answers prior to any examination of the records tendered amounted to an abuse of the trial court's discretion.

In so ruling, we do not foreclose a subsequent motion by plaintiff to compel further answers if he finds deficiencies or ambiguities in the medical records tendered by defendants. Nor do we preclude further sets of interrogatories by plaintiff after he has conducted his examination of the medical records tendered by defendants. (§ 2030, subd. (b).) Probably plaintiff is also entitled to an explicit statement by the attending physician that he has no knowledge or personal recollection of any facts leading up to and connected with plaintiff's delivery in 1963 other than those facts contained in the hospital medical records and in the attending physician's own medical records. All that we decide today is that defendants are not automatically required to prepare summaries of medical records in existence, which, according to their statements under oath, contain full and complete answers to plaintiff's interrogatories.

Writ granted.

Roth, P. J., and Wright, J., concurred.

A petition for a rehearing was denied September 17, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied October 22, 1969.