[Civ. No. 25995. Second Dist., Div. Two. Sept. 6, 1962.]

EDITH ANN GLEASON et al., Plaintiffs and Appellants, v. THE CITY OF SANTA MONICA et al., Defendants and Respondents.

Phill Silver for Plaintiffs and Appellants.

Robert G. Cockins, City Attorney, and Robert D. Ogle, Assistant City Attorney, for Defendants and Respondents.

FOX, P. J.—This is an appeal by plaintiffs from a judgment of dismissal entered after a demurrer to plaintiffs' fifth amended complaint was sustained without leave to amend.

Plaintiffs' complaint for declaratory relief sought a declaration that: certain provisions of the California Redevelopment Law are unconstitutional; appropriations made by the City of Santa Monica to the Redevelopment Agency are ultra vires

and illegal expenditures of municipal funds; the Redevelopment Agency of Santa Monica has received funds from the City of Santa Monica without any authority of law; an ordinance approving and adopting a redevelopment plan in the City of Santa Monica is unconstitutional; and the use of any federal or municipal funds derived from the sale of bonds or otherwise, in furtherance of the redevelopment plan adopted by the City Council of the City of Santa Monica, is in violation of section 1460 of the Federal Urban Renewal Act.

The sole basis upon which the demurrer was sustained without leave to amend was on the ground that "the amended complaint does not state facts sufficient to constitute a cause of action in that the alleged cause of action appears to be barred by the provisions of the Health & Saf. Code, section 33746." The facts show that ordinance 497, which is the ordinance approving the redevelopment plan, was adopted by the council on June 30, 1960, and the complaint was filed by plaintiffs on September 20, 1960.

Section 33746 of the Health and Safety Code, as amended in 1959, states:[1] "The findings and determinations of an agency and of a legislative body or either of them, in the adoption and approval of any redevelopment plan may be judicially reviewed by a court of competent jurisdiction. *Such action must be brought within 60 days after the date of adoption of the ordinance approving the plan.* No action shall be brought prior to the adoption of the final redevelopment plan." (Emphasis added.)

The trial court computed the time within which the action should have been brought from the date the council voted in adopting the ordinance as opposed to its effective date, i.e., 30 days after such adoption. The sole issue on this appeal is: does the word "adoption" in the clause "such action must be brought within 60 days after the date of adoption of the ordinance approving the plan" mean the date of voting and passage of such ordinance or does it mean the "effective" date? It must be pointed out that if the date of adoption is to be deemed the date of passage, then the complaint was filed more than 60 days after adoption and therefore was not timely filed. On the other hand, if the date of adoption is to

---

[1] Although plaintiffs contend in their complaint that the 1959 amendment was not applicable, there is no such contention raised in their briefs; hence, this point shall be deemed abandoned. (*Johnston* v. *Board of Supervisors*, 31 Cal.2d 66, 70 [187 P.2d 686].)

be construed as the effective date of the ordinance, then the complaint filed on September 20, 1960, was timely filed.

"The fundamental rule of statutory construction is that the court should ascertain the intention of the Legislature so as to effectuate the purpose of the law. (*California Toll Bridge Authority* v. *Kuchel*, 40 Cal.2d 43, 53 [251 P.2d 4]; *County of Alameda* v. *Kuchel*, 32 Cal.2d 193, 199 [195 P.2d 17]; *Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324]; 82 C.J.S., Statutes, § 321, p. 560; 45 Cal.Jur.2d, Statutes, § 126, p. 634.)" (*Select Base Materials* v. *Board of Equalization*, 51 Cal.2d 640, 645 [335 P.2d 672].)

While interpretation of similar words in other statutes is not controlling, such interpretation is helpful in arriving at the legislative intent. (*Los Angeles Met. Transit Authority* v. *Brotherhood of Railroad Trainmen*, 54 Cal.2d 684, 688-689 [8 Cal.Rptr. 1, 355 P.2d 905].) In *Ross* v. *Board of Retirement*, 92 Cal.App.2d 188 at p. 193 [206 P.2d 903], the court stated that "the date of 'adoption' is the date of passage of the ordinance . . . [and] the date of 'adoption' or passage of an ordinance or statute is not the date the enactment becomes of actual force and power, that is, effective, unless the enactment should specifically so declare. [Citation.]"

"Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' (*Stafford* v. *Los Angeles etc. Retirement Board*, 42 Cal.2d 795, 799 [270 P.2d 12].)" (*Select Base Materials* v. *Board of Equalization*, *supra*, 51 Cal.2d 640, 645.) A study of the entire chapter on Community Development Law (Health & Saf. Code, div. 24, pt. I, ch. 4) leads to the conclusion that the word "adoption" is used in the sense of "passage" of an act rather than to mean its effective date. This conclusion becomes apparent by setting out several sections in which either the word "adopt" or "adoption" is used.

Section 33700: "Each agency shall prepare or cause to be prepared, or *adopt*, a redevelopment plan . . . .

"Before the *adoption* of a redevelopment plan by the agency, the agency shall conduct a hearing on it." (Emphasis added.)

Section 33705: "If the planning commission recommends against the approval of the redevelopment plan, *the legislative body may adopt such plan by a two-thirds vote* of its

entire membership. If the planning commission recommends approval or fails to make any recommendation within the time allowed, *the legislative body may adopt the redevelopment plan by a majority vote* of the entire membership." (Emphasis added.)

Section 33732 provides that if no objections in writing have been delivered, etc. "the legislative body may proceed to adopt the plan. . . ."

Section 33733: "If the legislative body determines that the redevelopment plan conforms to the master or general plan of the community, that it is economically sound and feasible, and that the carrying out of the plan would promote the public peace, health, safety, and welfare of the community and would effectuate the purposes and policy of this part, *by ordinance adopted by a majority vote* of all the members it may *adopt the plan* as the official redevelopment plan for the project area." (Emphasis added.)

 The conclusion that "adoption" is used to mean passage is inescapable when the above sections are contrasted with section 33955 which uses the expression "after the effective date of the ordinance approving such plan" thereby indicating a legislative awareness of the distinction between "effective date" and "date of adoption." This awareness manifests an intent on the part of the Legislature to use the two expressions to designate different concepts; if the Legislature had intended "date of adoption" in section 33746 to mean "effective date" it would have been simple to make such intention clear by using the latter expression.

In support of their position, plaintiffs rely on section III(b) of the Amended Redevelopment Plan adopted by Ordinance 497 which provides in part as follows: "Pursuant to section 619 of the charter of the City of Santa Monica the effective date of said ordinance shall be 30 days from and after the date of its adoption." This ordinance does not serve to benefit plaintiffs' position. If the ordinance is to become effective 30 days after the "adoption," then obviously "adoption" must mean something other than the effective date; it must mean the date of passage.

Although plaintiffs, in at least three places in their opening brief, admit that the ordinance was adopted upon passage,[2]

---

[2]On page 2, plaintiffs state: "Ordinance 497, which is the ordinance approving the redevelopment plan, was *adopted* by the Council on June 30, 1960, to become effective after 30 days from its adoption." (Emphasis added.)

Again, on page 6, plaintiffs point out: "Ordinance No. 497 was

they contend that "the plan" was not adopted until the ordinance becomes effective. Even the acceptance of this theoretical argument cannot benefit plaintiffs. The statute states that the action "must be brought within 60 days after the date of adoption of the *ordinance* approving the plan" and not within 60 days after the adoption of the *plan*. (Emphasis added.)

■ Finally, plaintiffs contend that since section 33746 states, "No action shall be brought prior to the adoption of the final redevelopment plan," any action brought prior to the effective date of the ordinance would be premature (this contention is based upon the premise that the plan is adopted when the ordinance becomes effective). Therefore, they argue, the time limit cannot commence to run until an action could be brought, i.e., after the effective date of the ordinance. Even if the action arguably would be premature until such date, plaintiffs still had 30 days subsequent to the time the ordinance became effective in which to bring this action. In view of the multitude of notices and hearings provided for by the code, 30 days is not an unreasonable time limit. This conclusion is fortified by the fact that until the 1957 amendment, the Legislature only allowed 30 days in any event.

■ Since Health and Safety Code section 33746 requires an action to be brought "within 60 days after the date of adoption of the ordinance approving the plan" and since the date of adoption of the ordinance is the date the ordinance is acted upon by the legislative body (in our case, June 30, 1960), an action brought on September 20, 1960, being more than 60 days after adoption, was not timely filed. It follows therefore that the sustaining of the demurrer without leave to amend was not error.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied October 2, 1962, and appellants' petition for a hearing by the Supreme Court was denied October 31, 1962.

---

*adopted* by the Council on June 30, 1960, to become effective after 30 days from its *adoption*." (Emphasis added.)

Finally, on page 11, plaintiffs conclude: "It is not the plan which is *adopted* on the 'passage' of the ordinance, it is the ordinance which has been *adopted*." (Emphasis added.)