[Civ. No. 43581. Second Dist., Div. Two. Jan. 8, 1975.]

DONALD R. PLUNKETT, et al., Plaintiff and Appellant, v.
CITY OF LAKEWOOD et al., Defendants and Respondents.

**COUNSEL**

Bradley, Behrens, Fike & Trebler and Linus R. Fike for Plaintiff and Appellant.

John Sanford Todd, City Attorney, and James Warren Beebe for Defendants and Respondents.

**OPINION**

**FLEMING, Acting P. J.**—On 28 November 1972 the City Council of the City of Lakewood enacted pursuant to the California Community Redevelopment Law (Health & Saf. Code, § 33000 et seq.) Ordinance 72-18, a redevelopment plan for a portion of Lakewood around the Lakewood Center shopping area. On 10 April 1973, more than four months after the enactment of the plan, Donald R. Plunkett, on behalf of himself and all other Lakewood taxpayers, filed an action against the city, members of the city council, the city treasurer, and the Lakewood Center, seeking to declare the ordinance void, to enjoin further expenditure of city funds under the ordinance, and to obtain reimbursement for city funds already spent.

The trial court sustained a demurrer to the complaint without leave to amend on the ground the action failed to meet the 60-day filing requirement of Health and Safety Code section 33500: "No action attacking or otherwise questioning the validity of any redevelopment plan, or the adoption or approval of such plan, or any of the findings or

determinations of the agency or the legislative body in connection with such plan shall be brought prior to the adoption of the redevelopment plan nor at any time after the elapse of 60 days from and after the date of adoption of the ordinance adopting the plan."

■ Plunkett has appealed the judgment (order of dismissal) contending the allegations of his complaint removed the action from the time limitations of Health and Safety Code section 33500. His complaint alleged that Ordinance 72-18, though valid on its face, was a fraud perpetrated on Lakewood taxpayers by members of the city council in collusion with Lakewood Center with the intent to aid private interests with public funds; that members of the city council knowingly made a false finding that the redevelopment area was "blighted" within the meaning of Health and Safety Code sections 33031-33034 in order to invoke the Redevelopment Law. Plunkett argues that his complaint challenges an illegal expenditure of public funds, not the redevelopment plan itself, and therefore Code of Civil Procedure section 526a controls the timeliness of its filing rather than Health and Safety Code section 33500.

We think Plunkett has misread these sections. Code of Civil Procedure section 526a provides in pertinent part: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, had paid, a tax therein. This section does not affect any right of action in favor of a county, city, town, or city and county, or any public officer; provided, that no injunction shall be granted restraining the offering for sale, sale, or issuance of any municipal bonds for public improvements or public utilities."

Section 526a creates a right of action for taxpayers to challenge illegal expenditure of public funds; it does not act as a statute of limitation.[1] Section 33500 is a statute of limitation; it does not create a right of action. (*Community Redevelopment Agency* v. *Superior Court,* 248

---

[1]The text of section 526a does not support the suggestion in *City of Ontario* v. *Superior Court,* 2 Cal.3d 335, 345 [85 Cal.Rptr. 149, 466 P.2d 693], that the section creates a one-year period of limitation. By its terms the section authorizes an action by a taxpayer who has paid a tax within one year last past and thus relates to the standing of the litigant to sue and not to his diligence in commencing suit.

Cal.App.2d 164, 172 [56 Cal.Rptr. 201].) If Plunkett's action falls within the purview of section 33500, then the 60-day filing limitation applies. (*Gleason* v. *City of Santa Monica*, 207 Cal.App.2d 458, 463 [24 Cal.Rptr. 656].)

Plunkett argues that section 33500 is inapplicable because he has directed his challenge to the motives of the city council members, and not to the redevelopment plan itself. But the terms of section 33500 do not authorize such an exception to its operation. (See *Redevelopment Agency* v. *Del-Camp Investments, Inc.*, 38 Cal.App.3d 836, 840-841 [113 Cal.Rptr. 762].) Whether Plunkett claims the city council was wrong by mistake or wrong by intent, in either case he is contesting the validity of the plan, the adoption of the plan, and the findings supporting adoption of the plan. The purpose of section 33500 is not to prohibit meritorious challenges to redevelopment plans, but rather to promote prompt adjudication of such challenges before substantial public funds have been expended and before relocation of business and people have rendered remedial action ineffective. (See Tondro, *Urban Renewal Location: Problems in Enforcement of Conditions in Federal Grants to Local Agencies*, 117 U.Pa.L.Rev. 183, 225.) The Redevelopment Law is replete with preliminary requirements for notice and public hearings, and these provisions give concerned taxpayers ample time to prepare legal challenges to the actions of redevelopment agencies. (See Health & Saf. Code, § 33360 et seq.) Plunkett's complaint does not allege that the asserted acts of fraud prevented him from challenging the plan in the manner authorized by law. If suitors could avoid the requirements of section 33500 merely by adding allegations of fraud to their complaints, the section would be rendered meaningless and its purpose lost.

Plunkett further argues that an action attacking a redevelopment plan is an action in rem (see Health & Saf. Code, § 33501; Code Civ. Proc., § 860), while his is an action in personam against city council members as individuals. Assuming the correctness of his argument, it does not follow that section 33500 does not apply. On our reading, the statute applies to all actions challenging redevelopment plans, whether actions in rem or in personam.

The judgment (order of dismissal) is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied January 28, 1975, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1975.