[Civ. No. 3660. Fifth Dist. Dec. 1, 1978.]

REDEVELOPMENT AGENCY OF THE CITY OF FRESNO,
Plaintiff and Respondent, v.
MICHAEL J. HERROLD, Defendant and Appellant.

### COUNSEL

Blumberg, Sherr & Kerkorian and Stephen M. Blumberg for Defendant and Appellant.

Fitzgerald & Edgar, Herman H. Fitzgerald and William R. Edgar for Plaintiff and Respondent.

### OPINION

**ACCURSO, J.\*—**

#### STATEMENT OF THE CASE

On May 13, 1976, respondent Redevelopment Agency filed a complaint in eminent domain seeking to acquire appellant's real property

---

*Assigned by the Chairperson of the Judicial Council.

located on the corner of Mono and R Streets in Fresno, California. A light industrial building on the property is used by appellant for his sheet metal business. Appellant's answer to the complaint, filed May 28, 1976, contained specific denials and alleged four affirmative defenses.

Appellant served written interrogatories upon the respondent on October 26, 1976, concerning respondent's intended use of the property and inquiring whether respondent had entered into an agreement for the sale of the subject property to P. E. O'Hair, a private company located across the street from appellant's property. Respondent objected and refused to answer interrogatories 6 through 12 on the grounds that they improperly sought to question the determination of public interest and necessity made by the condemning agency by inquiring into a proposed subsequent use.

Subsequently, appellant filed a motion for an order compelling further answers to interrogatories. The motion was denied by the Honorable Milo Popovich on the grounds that the appellant was foreclosed from questioning the validity of respondent's proposed public use under section 33500 of the Health and Safety Code and *Redevelopment Agency v. Del-Camp Investments, Inc.* (1974) 38 Cal.App.3d 836 [113 Cal.Rptr. 762].

On March 24, 1977, appellant filed a notice of motion to amend answer. He sought to add allegations that respondent was guilty of fraud, bad faith, and abuse of discretion because it did not intend to use the property as resolved, but instead had a preexisting undisclosed contract to sell the property unaltered from its present condition to a private party. The Honorable Hollis G. Best denied the motion on April 11, 1977. Appellant's second motion to make the same amendment to his answer was denied by the Honorable Pauline D. Hanson on May 6, 1977.

Appellant and respondent entered into a partial stipulation for judgment on April 27, 1977, whereby they agreed upon the valuation of appellant's property, but left open the issues of public use and necessity.

A motion for summary judgment with supporting affidavits was filed by respondent on June 3, 1977. Counteraffidavits were filed by appellant

on June 13. On August 12, 1977, Judge Hanson granted the motion for summary judgment and entered a judgment in condemnation. On August 17, 1977, a final order of condemnation was entered. This timely appeal followed.

## ISSUES

I. Whether the trial court committed prejudicial error in denying appellant's motion to compel further answers to interrogatories.

(a) Is Health and Safety Code section 33500 applicable to this action?

(b) Was the public use issue properly raised by the pleadings?

II. Whether the denial of appellant's motion to amend his answer was an abuse of discretion.

III. Whether the granting of respondent's motion for summary judgment was error.

## DISCUSSION

I. Denial of appellant's motion to compel further answers to interrogatories.

In ruling on a discovery motion, the trial court has considerable discretion; an appellate court will not set aside the ruling in the absence of abuse. (*West Pico Furniture Co.* v. *Superior Court* (1961) 56 Cal.2d 407, 415 [15 Cal.Rptr. 119, 364 P.2d 295]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 378-379 [15 Cal.Rptr. 90, 364 P.2d 266].) However, the denial of the discovery motion in the instant case was improper because the court incorrectly interpreted Health and Safety Code section 33500 and the case of *Redevelopment Agency* v. *Del-Camp Investments, Inc., supra,* 38 Cal.App.3d 836. Section 33500 provides that: "No action attacking or otherwise questioning the validity of any redevelopment plan, or the adoption or approval of such plan, or any of the findings or determinations of the agency or the legislative body in connection with such plan shall be brought prior to the adoption of the redevelopment plan nor at any time after the elapse of 60 days from and after the date of adoption of the ordinance adopting the plan." The *Del-Camp* case held that the 60-day limitation period of section 33500 foreclosed a condemnee's attack on the proposed public use by a redevelopment agency. The

decision states at page 841: "Upon 'the elapse of 60 days from and after the date of adoption of the ordinance adopting the plan' without an adverse action having been brought, the legality of its proposed public use was conclusively determined; the effect was similar to that of a final adjudication of a court of record."

Appellant, like the condemnee in *Del-Camp,* is seeking to challenge actions of the condemning agency on the grounds that the use to be made of his property is not a public use. Although public use is a justiciable issue and normally a relevant subject of inquiry in a condemnation action, respondent argues that appellant's inquiry here is improper because (1) the 60-day limitation period of section 33500 has elapsed, and (2) public use has not been placed in issue by the pleadings. Since these contentions by respondent are incorrect, the trial court's denial of appellant's motion to compel answers to interrogatories was improper.

(a) Applicability of Health and Safety Code section 33500.

■ The 60-day limitations period in section 33500 does not apply to the type of challenge appellant is making here because he is not attacking the legality of the redevelopment plan as originally adopted, but is questioning the implementation of the plan with respect to his property. Appellant had no reason to object when the plan was adopted. It was not apparent at that time that the agency might be deviating from its resolved purpose and planning an illegal use for the property (the sale to P. E. O'Hair) until eight years after the plan's adoption. Section 33500 cannot be used to immunize an agency which adopts a redevelopment plan legal on its face, then after the 60-day period has elapsed deviates from its resolved purpose and seeks to violate the public use requirement of California Constitution article I, section 14, and the 14th Amendment of the United States Constitution. Section 33500 applies only to attacks on the redevelopment plan as adopted, and not to actions alleging illegal implementation of the plan.

■ Such interpretation of section 33500 does not unduly interfere with its purpose. "The purpose of section 33500 is not to prohibit meritorious challenges to redevelopment plans, but rather to promote prompt adjudication of such challenges before substantial public funds have been expended and before relocation of business and people have rendered remedial action ineffective." (*Plunkett* v. *City of Lakewood* (1975) 44 Cal.App.3d 344, 347 [116 Cal.Rptr. 885].) In the *Plunkett* case the 60-day period was held applicable to a challenge seeking to stop the

entire redevelopment project on the grounds that the city council, in collusion with private insurance benefited by the plan, knowingly made a false finding that the area was "blighted." Plunkett's challenge was to the original plan as adopted; had he succeeded the entire project would have been abandoned. In such a case it is reasonable to require prompt action before the project gets underway.

■ In cases like the present one where the challenge is not directed to the legality of the plan itself, but merely to its illegal implementation with respect to one parcel, a successful challenge would result in minimal disruption to the project. If appellant prevailed, the only difference would be that his own private business would be operated on the parcel in question, rather than another private business.

The *Plunkett* decision points out the rationale for the short statute of limitations governing challenges to redevelopment plans. "The Redevelopment Law is replete with preliminary requirements for notice and public hearings, and these provisions give concerned taxpayers ample time to prepare legal challenges to the actions of redevelopment agencies." (*Id.,* at p. 347.) In the present case, those procedures would have been of no avail to appellant because he is challenging actions of the agency which were not apparent when the plan was adopted. Since appellant is not challenging the original plan, section 33500 of the Health and Safety Code does not apply.

(b) The issue of public use in the pleadings.

■ It is a defense to a condemnation action if the proposed use of the condemned property is not a public use. (U.S. Const. 5th and 14th Amends.; Cal. Const., art. I, § 14; *People* v. *Chevalier* (1959) 52 Cal.2d 299, 304 [340 P.2d 598].) ■ However, respondent argues that it was not required to answer appellant's interrogatories relevant to the public use issue because appellant's answer admitted public use by failing to deny the allegations of paragraph 2 and portions of paragraph 3 of the complaint. Respondent also argues that the affirmative defenses alleged in appellant's answer do not properly raise the issue of public use, because there were no allegations of fraud, bad faith, or abuse of discretion. Either a denial of the complaint's allegations or an affirmative statement contrary to the allegations is normally sufficient to raise an issue. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 884, p. 2480.) Paragraph 1 of appellant's answer states as follows: "Answering paragraph 3 of plaintiff's complaint on file herein, defendant denies that

the property of this defendant or any part thereof is necessary for the purposes alleged in said complaint or that the acquisition thereof is in the public interest or convenience." Ordinarily a denial of necessity is not justiciable, however, in appellant's answer it is clear that this allegation is in regard to the acquisition and subsequent use which he contends is unlawful. Appellant's denial that the acquisition is in the public interest or convenience is a denial of a lawful public use. Additionally, the first affirmative defense alleges: "The use to which the property sought to be taken is to be applied is a use not authorized by law." Since the only use authorized by law is a public use, this affirmative defense attempts to raise a public use issue, for which the lower court should have ordered respondent to answer the interrogatories.

II. Denial of appellant's motion to amend his answer.

Appellant should have been granted leave to amend his answer. As succinctly stated in *Morgan* v. *Superior Court* (1959) 172 Cal.App.2d 527 at page 530 [343 P.2d 62]: "While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court, the exercise of this discretion must be sound and reasonable and not arbitrary or capricious. [Citations.] And it is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.' [Citations.] If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. [Citations.]"

Appellant proposed the following amendment to his answer:

"Defendant, MICHAEL J. HERROLD, amends the answer herein by adding the following:

"AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

"Defendant is informed and believes, and on such information and belief alleges that the requested taking of said property by plaintiff is fraudulent, in bad faith and an abuse of discretion in that plaintiff does not actually intend to use the property as it resolved to use it as follows: That plaintiff included said property in its redevelopment plan and

initiated this condemnation proceeding for the sole purpose of fulfilling a pre-existing and undisclosed contract with a private party whereby the plaintiff would condemn said property and subsequently sell said property—unaltered from its present condition—to such private party for its sole use, benefit and profit without change to the present condition of said property. That plaintiff never intended to take said property for actual redevelopment as stated in its Resolution No. 970."

This amendment asserts a meritorious defense under both *Chevalier, supra,* and section 33339 of the Health and Safety Code. The denial of the motion to amend deprived appellant of his right to assert this defense.

The granting of leave to amend may have delayed the trial of the action because of appellant's desire to seek further discovery. Any delay, however, would be the result of the improper refusal of respondent to answer the interrogatories and the erroneous ruling on appellant's motion to compel answers. Whatever delay may have resulted, is far outweighed by appellant's right to have the case determined on its merits.

The only prejudice that could result to respondent would be a determination that appellant's position is correct and thus respondent would be "dead in the water" in its action. Respondent was certainly aware of appellant's theory of defense back in October 1976 when the interrogatories were propounded to it.

We therefore conclude that the denial of the motion to amend was an abuse of discretion.

III. Respondent's motion for summary judgment.

The issue to be determined by the trial court in ruling on a motion for summary judgment is whether or not defendant has presented any facts which give rise to a triable issue or defense. Unless it appears by agreement or otherwise that there is no issue of fact to be tried, the motion should be denied. (*Kaiser Foundation Hospitals* v. *Superior Court* (1967) 254 Cal.App.2d 327, 331 [62 Cal.Rptr. 330].)

Appellant should have been allowed to prove that the Redevelopment Agency was in violation of section 33394 of the Health and Safety Code. This section provides as follows: "Without the consent of an owner, an agency shall not acquire any real property on which an existing building is to be continued on its present site and in its present form and use

unless such building requires structural alterations, improvement, modernization or rehabilitation, or the site or lot on which the building is situated requires modification in size, shape or use or it is necessary to impose upon such property any of the standards, restrictions and controls of the plan and the owner fails or refuses to agree to participate in the redevelopment plan pursuant to sections 33339, 33345, 33380 and 33381." Appellant should have been allowed to prove at trial that the Redevelopment Agency planned to sell his property in its *present unaltered condition* to P. E. O'Hair, in violation of section 33394. His counteraffidavit filed in opposition to the motion for summary judgment declares that an official of the Redevelopment Agency admitted that the property would be sold to P. E. O'Hair in its existing condition. This presented a triable issue of fact.

■ Respondent contends that appellant stipulated away this issue when the parties entered into a partial stipulation for judgment. Said stipulation reads in pertinent part: "Whereas the parties have orally stipulated to the settlement of all issues herein other than public use and necessity . . . ." However, the text of the written stipulation concerned only issues of valuation, and was only intended to preclude litigation on those valuation matters. Additionally, the umbrella issue of public use is broad enough to cover section 33394 violations. Therefore, appellant should not have been precluded from litigating the section 33394 violation.

Appellant is not barred from litigating the issues of section 33394 by either the statute of limitations section 33500 or the partial stipulation of judgment, thus, triable issues of fact remain pertaining to the alleged violation of section 33394. Additionally, since appellant will be permitted to amend his answer to include allegations of fraud, bad faith and abuse of discretion, he will not be precluded from litigating the public use issue.

The judgment is reversed and the case remanded for trial with directions to the trial court to permit appellant to file his proposed amendment to his answer.

Brown (G. A.), P. J., and Hopper, J., concurred.