[Civ. No. 27330. First Dist., Div. Two. Jan. 13, 1971.]

STEPHEN C. SPANGLER, Plaintiff and Appellant, v.
CALIFORNIA UNEMPLOYMENT INSURANCE
APPEALS BOARD et al., Defendants and Respondents.

## COUNSEL

Paul N. Halvonik for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Asher Rubin, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**DAVID, J.**\*—This appeal follows denial of a writ of mandate in a proceeding under Code of Civil Procedure section 1094.5, in which appellant sought to compel vacation of respondent Board's decision denying unemployment compensation to him.

The departmental decision was appealed and heard before a referee appointed by the board. Appellant appeared and testified in addition to the departmental officials. The referee upheld the department; the appeals board affirmed the referee's decision, as did the superior court.

The appellant, age 27, in August 1967 applied for unemployment compensation benefits. He previously had been a sales manager for an office equipment concern for eight months at a salary and commission amounting to over $1,000 per month. He sought a sales job with comparable pay.

On December 18, 1967, he was notified by the department that he was ineligible to receive benefits because his personal appearance was such as to render him unavailable for employment. Unemployment Insurance Code section 1253 provides that "An unemployed individual is eligible to receive unemployment compensation benefits with respect to any week only if the director finds that: . . .

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

"(c) He was able to work and available for work for that week. . . ."

"(e) He conducted a search for suitable work in accordance with specific and reasonable instructions of a public employment office."

■ The burden is upon the claimant to prove that availability. (*Ashdown* v. *State of California* (1955) 135 Cal.App.2d 291, 300 [287 P.2d 176].)

Although at inception of payment of unemployment compensation to him, appellant was described as "clean-cut" in his physical appearance, by the first week in December he grew a beard, described by some as straggly, and longer-than-usual hair. Despite a department instruction to appear at its office dressed in a manner appropriate for a job interview, appellant once appeared "dressed in a tee shirt, jeans and tennis shoes," and another time appeared "in extremely casual attire, wearing a braided belt hanging from his side." Before the referee he admitted he needed a haircut.

No one disputes the appellant's right in the context of this controversy to dress and groom himself as he pleases. No constitutional issue is involved here. Public employment is not involved. ■ But appellant has no constitutional right to unemployment compensation paid by former employers if his sartorial eccentricities or sloppy grooming chill his employment prospects, and he voluntarily refuses reasonable accommodation to meet the demands of the labor market. This principle has been considered authoritatively before. (Cf. *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321, 328 [109 P.2d 935]; *Chrysler Corp.* v. *Calif. Unemp. Ins. Appeals Board* (1962) 199 Cal.App.2d 683, 687 [18 Cal.Rptr. 843].)

The referee's personal view of appellant was real evidence. We might take judicial notice from everyday life and business that sales managers in the $850 per month class are not ordinarily men wearing jeans, tennis shoes and tee-shirts, with long hair and a straggly beard, with a braided belt hanging down at their side. In some occupations, such as a switchman and cable splicer, the appeals board has held that a beard is not disqualifying (In re Christie, appeals board decision No. 64-2254).

■ There was ample evidence to support the finding of the trial court, "In petitioner's field of employment, some employers will not hire a person wearing a beard," which supports the conclusion that appellant thus "voluntarily eliminated some portion of the labor market."

Obviously, the purpose of the Department of Employment is to place persons in jobs with employers. They cannot maintain rapport and influence with employers if persons not meeting their requirements are sent for interview. ■ We fully recognize the public employment officer's discretion

in carrying out the mandate of Unemployment Insurance Code section 1253, subdivision (e), to require applicants to conduct a search for suitable work in accordance with specific and reasonable instructions. ■ Instructions as to hygiene, grooming and dress are not precluded, where reasonably related to standards generally or specifically imposed by potential employers in relation to the employment sought. ■ The trial court found that petitioner was directed "that he should appear at the office of the Department of Employment dressed in a manner such that he could be referred directly for a job interview," and despite this instruction he came dressed as related, *supra.* This direction was reasonable, but failed to be specific. Appellant upon the hearing before the referee was asked, "How would you normally dress if you were seeking work as a sales manager or manufacturer's representative?" and replied, "I'd wear a suit, a dress shirt, and a tie, like I'm wearing today."

■ The trial court concluded that appellant had "voluntarily eliminated some portion of the labor market which otherwise would have been available to him," and under Unemployment Insurance Code section 1253, subdivision (c), "voluntarily made himself unavailable for work." Thus if the evidence sustains the department, referee, appeals board and the trial court which reached this conclusion, appellant was not entitled to benefits. (Cf. *Garcia* v. *California Emp. Stab. Com.* (1945) 71 Cal.App.2d 107, 111 [161 P.2d 972].)

An essential element, however, is challenged on the record. Testing whether the findings and conclusions of the trial court have the minimal required evidentiary support, there was no adequate showing that there was employment to be had (within the definition of Unemp. Ins. Code, § 1258) but for the voluntary failure of appellant to spruce up.

Appellant points out that the evidence was that the Department of Employment San Rafael office seldom if ever had job offers for a sales manager or manufacturer's representative; that he was never sent to job interviews, even in the initial period when he did not have a beard; and his unemployment therefore was not the result of his voluntary refusal of work, nor of potential employers' refusal of him as an employee, whatever he wore or did not wear.

Since there is no showing that there was any potential employer to interview, the judgment is reversed, with directions to the trial court to issue a peremptory writ as prayed.

Shoemaker, P. J., and Taylor, J., concurred.