[Civ. No. 32480. First Dist., Div. One. Aug. 13, 1973.]

TIMOTHY E. CHAMBERS, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent.

**COUNSEL**

Robert A. Baines for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and David N. Sandler, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—Timothy E. Chambers has appealed from a judgment denying his application for a writ of mandate under Code of Civil Procedure section 1094.5, by which he sought to annul an order of the Unemployment Insurance Appeals Board.

The Department of Human Resources Development had denied Chambers unemployment compensation benefits. On his appeal to a referee (see Unemp. Ins. Code, § 404) the department was reversed. Another appeal to the appeals board (see Unemp. Ins. Code, § 409) resulted in an order sustaining the department. This in turn brought about the mandate proceedings and the judgment from which the instant appeal was taken.

Chambers, an unemployed automotive mechanic, had allowed his hair to grow 13 inches in length; he kept it tied behind his head in a "pony tail." He also wore a mustache and a full beard which extended 3 or 4 inches below his chin. The department had made a survey of 126 employers of automotive mechanics in the Santa Clara County area where Chambers lived and had last been employed. This survey indicated that only 10 to 13 percent of the employers would hire a man with Chambers' hirsute appearance.

In denying benefits the department concluded that Chambers had voluntarily disqualified himself under Unemployment Insurance Code section 1253, subdivision (c), which required that he keep himself "available for work." Benefits were ordered withheld until "the disqualifying conditions no longer exist and you reopen your claim." Chambers was advised that "your appearance substantially restricts your labor market by reducing the number of employers who are willing to hire you."

Unemployment Insurance Code section 100 states: "It is the intent of the Legislature that unemployed persons claiming unemployment insurance benefits shall be required to make all reasonable effort to secure employment on their own behalf."

Implementing this legislative intent, Unemployment Insurance Code section 1253 provides that: "An unemployed individual is eligible to receive unemployment compensation benefits with respect to any week only if the director finds that: . . . (c) [h]e was . . . available for work for that week."

I. Chambers contends: "Appellant has a constitutional right to wear his hair and beard in a manner agreeable to himself, and the state may not penalize him for so doing without showing a compelling interest therefor."

As asserted, the contention appears to be a correct statement of the law.

■ The right of one to wear his hair and beard as he chooses is a "liberty" protected by the due process clause of the state and federal Constitutions, and "although probably not within the literal scope of the First Amendment itself" is nevertheless entitled to its "peripheral protection." (*Finot* v. *Pasadena City Bd. of Education*, 250 Cal.App.2d 189, 199 [58 Cal.Rptr. 520]; see also *King* v. *California Unemployment Ins. Appeals Bd.*, 25 Cal.App.3d 199, 205-206 [101 Cal.Rptr. 660]; *McCrae* v. *California Unemployment Ins. Appeals Bd.*, 30 Cal.App.3d 89, 94 [106 Cal. Rptr. 159]; *Spangler* v. *California Unemp. Ins. App. Bd.*, 14 Cal.App.3d 284, 287 [92 Cal.Rptr. 266].)

And, as contended by Chambers, only a " 'compelling state interest' " will justify a substantial infringement of such a constitutional right. (*Sherbert* v. *Verner*, 374 U.S. 398, 403 [10 L.Ed.2d 965, 969-970, 83 S.Ct. 1790]; *N.A.A.C.P.* v. *Button*, 371 U.S. 415, 438 [9 L.Ed.2d 405, 421, 83 S.Ct. 328]; see also *Braunfeld* v. *Brown*, 366 U.S. 599, 603-607 [6 L.Ed.2d 563, 566-569, 81 S.Ct. 1144]; *Thomas* v. *Collins*, 323 U.S. 516, 530 [89 L.Ed. 430, 440, 65 S.Ct. 315]; *Valentine* v. *Chrestensen*, 316 U.S. 52, 54 [86 L.Ed. 1262, 1265, 62 S.Ct. 920].)

Chambers' instant contention may reasonably be condensed to the assertion that California has no legitimate or "compelling interest" in requiring that an applicant for unemployment benefits keep himself "available for work" (Unemp. Ins. Code, § 1253, subd. (c)), under circumstances where it inhibits him in his First Amendment right to wear his hair and beard as he chooses.

California's Unemployment Insurance Code section 101 states, among other things, that section 1253, subdivision (c), requiring a person seeking unemployment benefits to keep himself "available for work," is "part of a national plan of unemployment reserves and social security, and is enacted

for the purpose of assisting in the stabilization of employment conditions." The law generally is considered to be highly beneficial and socially necessary legislation.

We observe no substantial distinction between an unemployed person who for one reason or another voluntarily renders himself unavailable for work, and another who refuses work when it is offered. In each case the unemployed person has a clear constitutional right to do, or not to do, as he has chosen. But few would argue that the exercise of one's right not to work, somehow creates a constitutional right to unemployment relief.

Essential to the integrity of California's unemployment relief program is the requirement that unemployed persons, when possible, render themselves available for work, for otherwise benefits would be paid to those who could be working, but choose not to, thus defeating the fundamental purpose of the statute.

We are therefore impelled to, and do, hold that California has a "compelling state interest" in requiring that one seeking unemployment relief shall keep himself available for employment. It follows that such "peripheral" First Amendment or other right as Chambers may have to retain his selected hair styling must in the public interest, if he wishes unemployment benefits, yield to the dictate of the Unemployment Insurance Code section 1253, subdivision (c).

We are assisted to this conclusion by language of *United States* v. *O'Brien,* 391 U.S. 367, 376 [20 L.Ed.2d 672, 679, 88 S.Ct. 1673], as follows: "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea"; and by the case of *Spangler* v. *California Unemp. Ins. App. Bd., supra,* 14 Cal.App.3d 284, 287, where in a problem closely analogous to ours, the court said: "No one disputes the appellant's right in the context of this controversy to dress and groom himself as he pleases. No constitutional issue is involved here. Public employment is not involved. But appellant has no constitutional right to unemployment compensation paid by former employers if his sartorial eccentricities or sloppy grooming chill his employment prospects, and he voluntarily refuses reasonable accommodation to meet the demands of the labor market."

Consideration has been given the case of *Sherbert* v. *Verner, supra,* 374 U.S. 398, which is heavily relied upon by Chambers. There the court found no compelling state interest in denying unemployment compensation to

one whose religious faith forbade Saturday work, thus decreasing her job opportunities. The line which separates compelling state interest and constitutional infringement is not easily drawn, but here we observe a substantial distinction between state impingement on the First Amendment right to practice one's religion, and on the "peripheral protection" granted Chambers in his choice of hair growth and appearance. We note that state action indirectly abridging even true First Amendment rights has often been upheld. A compelling state interest was found in forbidding a merchant whose faith required Saturday closing from opening his shop on Sunday. (*Braunfeld* v. *Brown, supra,* 366 U.S. 599.) A statute making it a crime for an 18-year-old girl to sell literature in public places was upheld, although it was her religious duty to do so. (*Prince* v. *Massachusetts,* 321 U.S. 158 [88 L.Ed. 645, 64 S.Ct. 438].) And in an early case the practice of polygamy as required by one's religious faith was held to be properly proscribed by a state's criminal statute. (*Reynolds* v. *United States,* 98 U.S. 145 [25 L.Ed. 244].)

II. We have, however, not disposed of Chambers' appeal, for he presents an additional contention as follows: "The lower court erred, as a matter of law, in finding appellant ineligible for unemployment insurance benefits after determining that there were no jobs available in appellant's job market."

■ The trial court found: "Respondent has not shown that there was actual employment to be had by petitioner in his job market but for petitioner's voluntary failure to conform his hair and beard style to grooming standards preferred by a substantial portion of employers in that job market." This finding was supported by the record before the court.

*Spangler* v. *California Unemp. Ins. App. Bd., supra,* 14 Cal.App.3d 284, is closely pertinent to the instant contention. The appellate court there found (p. 288), "[N]o adequate showing that there was employment to be had (within the definition of Unemp. Ins. Code, § 1258) but for the voluntary failure of appellant to spruce up." It was held, in effect, that a person seeking unemployment relief was under no duty to keep himself available for work that did not appear to exist.

This holding seems not unreasonable, for the department should readily be able to produce evidence that work was probably available at the pertinent place and time. ■ The decision was made by another division of this district of the Court of Appeal, and should for that reason ordinarily be followed. (See 6 Witkin, Cal. Procedure (2d ed. 1971) § 667, p. 4580.) We choose to follow it. The instant contention will be sustained.

The judgment is reversed. The superior court will remand the cause to the Unemployment Insurance Appeals Board for further proceedings not inconsistent herewith.

Molinari, P. J., and Sims, J., concurred.