Opinion
 

 CALDECOTT, P. J.
 

 Petitioners John Schumacher and Comin Group, a general partnership, seek a writ of mandate commanding respondent
 
 *189
 
 Superior Court of Santa Clara County to set aside its order sustaining defendants-real parties in interest’s demurrer to the sixth cause of action of petitioners-plaintiffs’ first amendment to their original complaint in the underlying fraud and securities case.
 

 This case involves the sale of interests in a limited partnership known as Commodity Arbitrage. Petitioners purchased their limited partnership interests from the real parties in interest on or about January 15, 1976. Real parties in interest Hope and Pond are stockbrokers of real party in interest Shearson Hayden Stone, Inc.
 

 The limited partnership had an initial capital investment in excess of $1.6 million, which was dissipated in less than 18 months. Petitioners have alleged that certain promises of locked in profits and 40-50-60 percent annual return were made to them by real parties in interest.
 

 Petitioners filed suit on July 5, 1977, alleging fraud, false representation, rescission of an unregistered security under the Federal Securities Act of 1933, and breach of fiduciary duty.
 

 On January 27, 1978, petitioners filed a motion for leave to amend their pleadings to add a fifth and sixth cause of action for rescission under California Securities Law. Petitioners filed their proposed pleadings on March 24, 1978. Petitioners’ motion for leave to amend was granted April 10, 1978.
 

 Real parties in interest demurred to petitioners’ sixth cause of action on the ground that it was barred by Corporations Code section 25507, subdivision (a).
 
 [1]
 
 Respondent court sustained the demurrer without leave to amend on May 3, 1978. This petition followed.
 

 Petitioners contend that respondent erred by sustaining without leave to amend real parties in interest’s demurrer to petitioners’ sixth cause of action. Respondent sustained the demurrer on the ground that that cause of action did not relate back to the original complaint, and therefore, was
 
 *190
 
 barred by the statute of limitations. The sixth cause of action, which petitioners filed pursuant to the order granting their motion for leave to amend, is as follows:
 

 “Plaintiffs incorporate by reference as though set forth in full each and every allegation of the First, Second, Third, Fourth and Fifth Causes of Action in this Sixth Cause of Action.
 

 “Such a sale constituted an issuer transaction in that it was part of an initial offering of securities for capitalization purposes, and neither such sale nor such security was exempt from qualification as such a transaction under the law. Nevertheless, at the time of plaintiff’s acquisition such sale was not and to date such sale has not been qualified as any kind of securities transaction with the Commissioner of Corporations.”
 

 Real parties in interest concede that the general rule is that an amendment to a complaint relates back to the time of filing of the original complaint, for the purposes of the statute of limitations. However, they contend that when a statute (Corp. Code, § 25503) creates a right unknown to the common law and time limitation in which the action must be brought is specified (Corp. Code, § 25507, subd. (a)), the limitation is a condition on the exercise of the right. As stated in
 
 Myers
 
 v.
 
 Stevenson
 
 (1954) 125 Cal.App.2d 399, 403 [270 P.2d 885], “the limitation of the remedy is a limitation of the right.” Real parties in interest claim in such a case the limitation is substantive not procedural and the relation back rule does not apply.
 

 The issue thus presented in this petition is whether the relation back rule is applicable where a specific statute of limitations is provided for a specific right of action.
 

 Petitioners concede that the amendment to the complaint was not filed within the two-year period but contend that the present situation is the same as that in
 
 Grudt
 
 v.
 
 City of Los Angeles
 
 (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825], In that case, a widow originally filed an action against a city and two police officers for damages for the wrongful death of her husband by intentional shooting; nine months later, she was granted leave to bring a second cause of action based on the city’s negligence in employing the officers, who allegedly were prone to the use of unnecessary physical force. The trial court dismissed the second cause of action as barred by the statute of limitations. The Supreme Court reversed, holding that since the second cause of action was for the same
 
 *191
 
 purpose and based on the same general set of facts as the original complaint, it should have been deemed filed as of the original date.
 

 Here, petitioners’ sixth cause of action adds a state securities violation to the federal securities violation previously pled in the original complaint. The damages under both federal and state causes of action are the same, the sixth cause of action incorporates by reference the federal cause of action for securities violation, and the sixth cause of action adds only a new theory not any new facts.
 

 Respondent relies upon
 
 Bowden
 
 v.
 
 Robinson
 
 (1977) 67 Cal.App.3d 705 [136 Cal.Rptr. 871] and
 
 Ingenito
 
 v.
 
 Bermec Corporation
 
 (S.D.N.Y. 1974) 376 F.Supp. 1154. In neither case was the
 
 complaint
 
 filed within the statutory period. There was no relation-back rule involved.
 

 The test to be employed in the present matter is that set forth by the Supreme Court in
 
 Grudt,
 
 supra, i.e., an “amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts.”
 
 (Id.,
 
 2 Cal.3d at p. 583.)
 

 A similar situation occurs when a named defendant is substituted for a “doe defendant” following the running of the statute of limitations. The rule has been set out as follows in
 
 Marasco
 
 v.
 
 Wadsworth
 
 (1978) 21 Cal.3d 82, 85-86 [145 Cal.Rptr. 843, 578 P.2d 90]: “In
 
 Smeltzley
 
 v.
 
 Nicholson Mfg. Co.
 
 (1977) 18 Cal.3d 932 ... we held that an amendment substituting a named individual previously sued by a fictitious name relates back to the filing of the original complaint where the recovery is for the same accident and injury, regardless of whether it sets out a different legal theory or states a different cause of action. In that case, the statute of limitations did not bar an amended complaint asserting a cause of action against a machine fabricator for defective manufacture and design where in the original complaint, plaintiff, an injured millworker, had pled an injury arising out of a place of employment that was ‘ “unsafe, dangerous, and defective.” ’ (18 Cal.3d 932, 934.) The language of
 
 Smeltzley
 
 that ‘ “. . . where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the
 
 same general set of facts,”
 
 ’ is dispositive.
 
 (Smeltzley, supra,
 
 at p. 936, quoting
 
 Austin
 
 v.
 
 Massachusetts Bonding and Insurance Co.
 
 (1961) 56 Cal.2d 596, 600 . . . ; italics in original.)” (See also
 
 Barnes
 
 v.
 
 Wilson
 
 (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839].)
 

 
 *192
 
 Real parties in interest contend that those cases are not dispositive here, “where the limitation period is
 
 substantive
 
 not procedural.” In this regard, it is argued that “[w]here a statute creates a right unknown to the common law and in the same statute fixes a
 
 time limit within which an action must be brought,
 
 the limitation so fixed is construed as a condition of the right itself so that the right is extinguished by the lapse of the time fixed in the statute.” This argument is an accurate statement of the law. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 232, pp. 1089-1090.)
 

 The issue of whether the statute of limitations of section 25507, subdivision (a) is procedural or substantive has no relation to the question of whether the cause of action added by amendment relates back to the original complaint. If the amendment relates back, then it is deemed to have been filed before the statute expired. If it does not relate back, it is barred, regardless of how one characterizes the statute.
 

 All modern California cases have applied the “same general set of facts” test enumerated in
 
 Austin
 
 v.
 
 Massachusetts Bonding & Insurance Co.
 
 (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], to determine whether an amended pleading relates back. No modern California case has applied the substantive versus procedural test to determine if the amended pleadings relate back to the original complaint. Certainly, that is clearly not the holding of
 
 Myers
 
 v.
 
 Stevenson,
 
 upon which the court relied.
 

 Thus, the fundamental question which we must determine is whether petitioners’ amended sixth cause of action relates back to the original complaint, i.e., does it seek recovery on the same general set of facts? We hold that it does.
 

 The factual allegations of the original complaint, in summary, were that real parties in interest-defendants falsely and fraudulently represented to plaintiffs that the proposed limited partnership was a safe, conservative investment and an arbitrage with locked-in returns; that such representations were in fact false, which defendants knew, and that plaintiffs were ignorant of their falsity. In reliance on those representations, plaintiffs allegedly were induced and did purchase $125,000 worth of interest as limited partners in the investment. False representations were also allegedly made that the general partner was bonded. It was also alleged that the security interests were not registered as required by
 
 *193
 
 section 12(l) of the Securities Act of 1933, and that defendants knew or should have known they were unregistered.
 

 Petitioners’ sixth cause of action alleges no additional facts. It adds only a new theory of recovery, i.e., for failure to qualify the securities. It should be noted that real parties in interest nowhere contend otherwise.
 

 Respondent therefore erred by sustaining real parties in interests’ demurrer to petitioners’ sixth cause of action without leave to amend on the ground it was barred by the statute of limitations. The demurrer should have been overruled.
 

 Let a peremptory writ of mandate issue.
 

 Christian, J., and Delucchi, J.,
 
 *
 
 concurred.
 

 [1]
 

 California Corporations Code section 25507, subdivision (a), provides as follows: “(a) No action shall be maintained to enforce any liability created under Section 25503 (or Section 25504 or Section 25504.1 insofar as they relate to that section) unless brought before the expiration of two years after the violation upon which it is based or the expiration of one year after the discovery by the plaintiff of the facts constituting such violation, whichever shall first expire.” Corporations Code sections 25503, 25504 and 25504.1 provide for liability and damages in connection with the sale of securities not qualified for sale.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.