[Civ. No. 56898. Second Dist., Div. Four. Mar. 30, 1981.]

MICHAEL A. NOLAN, Plaintiff and Appellant, v.
REDEVELOPMENT AGENCY OF THE CITY OF BURBANK
et al., Defendants and Respondents.

COUNSEL

Kinkle, Rodiger & Spriggs, John V. Hager and Guillermo W. Schnaider for Plaintiff and Appellant.

Samuel Gorlick, City Attorney, Huston T. Carlyle, Jr., Senior Assistant City Attorney, Hopkins & Carley and Sherwood M. Sullivan for Defendants and Respondents.

OPINION

FILES, P. J.—This is an appeal from a judgment dismissing a citizen-taxpayer's action against the Redevelopment Agency of the City of Burbank (hereafter Agency) and a partnership, the Center at Burbank Airport (hereafter the Center).

The complaint, filed April 29, 1977, was stated in two counts. The first alleged that a sale of Agency real property to the Center at less than its original appraised value constituted waste of public property. The second alleged that the Agency had failed to follow its own rules and procedures in entering into a disposition and development agreement with Center concerning the property, in that the Agency did not give priority to local developers, did not allow public bidding, and did not provide a public hearing as required by law.

Plaintiff sought rescission of the disposition and development agreement, an injunction against its execution, reappraisal of the property, and a public hearing on disposition of the property.

On May 31, 1977, the Burbank City Council held a public hearing pursuant to section 33433 of the Health and Safety Code at which it adopted a resolution approving the sale to the Center on the same terms that the Agency had approved on March 1.

The Agency answered the complaint, denying allegations and stating that the complaint "does not state facts sufficient to constitute a cause of action."

The Center answered the complaint and raised the defenses of failure to state facts alleging a cause of action, the statute of limitations (citing

Code Civ. Proc., §§ 337, 338, 339, and 340), laches, waiver and estoppel, and plaintiff's lack of standing.

On July 19, 1978, with leave of court, plaintiff filed a supplemental complaint alleging that the council's action on May 31, 1978, "did not provide a proper public hearing, allow open bidding, nor give priority to local brokers and developers."

On August 29, 1978, plaintiff amended the complaint to name the city and city council in place of defendants "Doe I" and "Doe II," but on October 20, 1978, the court granted the motion of the city and city council to strike these amendments.

The proceedings in the trial department consisted solely of colloquy between the court and counsel, discussing the procedural posture of the case and the effect of the rulings which had been made by four different judges in motion departments during the preceding 19 months. On the second day of this discussion the defendants made oral motions to dismiss and plaintiff made an oral motion for leave to amend the complaint to join the city and the city council. The court denied plaintiff's motion and granted defendants' motions.

On January 31, 1979, the court signed a document entitled "findings of fact and conclusions of law" which had been prepared by counsel for the Agency.

The "findings" merely recite the procedural history of the case, and the "conclusions of law" reflect the arguments of counsel before the court. Among other things these "conclusions" include the following: "The court finds and determines that the alleged impropriety of the May 31, 1977 hearing held by the City Council of the City of Burbank is an issue which is properly before this court.

"[But] it cannot review said hearing since neither the City Council nor the City of Burbank are named defendants...

"Plaintiff has previously attempted to name as defendants the City of Burbank and the Burbank City Council by way of Doe Amendments, which were subsequently struck by Court order upon motion by Defendants. Said Order was codified in a Notice of Ruling filed with the Court on October 20, 1978;

"Plaintiff's motion to amend is more than 90 days after the May 31, 1977 hearing...

"Plaintiff's motion to amend is more than one year after said May 31, 1977, hearing...."

An examination of this state's Community Redevelopment Law (Health & Saf. Code, §§ 33000-33855) is necessary to understand the nature of this action and the circumstances in which it was dismissed.

"There is in each community [a local governmental entity] a public body, corporate and politic, known as the redevelopment agency of the community." (Health & Saf. Code, § 33100.)

"'Agency' means a redevelopment agency created by this part or its predecessor, or a legislative body which has elected to exercise the powers granted to an agency by this part." (Health & Saf. Code, § 33003.)

"'Legislative body' means the city council, board of supervisors, or other legislative body of the community." (Health & Saf. Code, § 33007.)

The Redevelopment Agency of the City of Burbank was established by ordinance No. 2223 of the city council adopted May 12, 1970, pursuant to Health and Safety Code section 33101. At that time Health and Safety Code section 33200 read in pertinent part: "[T]he legislative body may, at the time of the adoption of an ordinance pursuant to sections 33101 or 33140 of this part declare itself to be the agency in which case, all the rights, powers, duties, privileges and immunities, vested by this part in an agency...shall be vested in the legislative body of the community." (Stats. 1965, ch. 1497 p. 3487.)

This court has taken judicial notice of Burbank City Ordinance No. 2223, adopted May 12, 1970, authorizing the "agency" to transact business under the redevelopment law; and Burbank City Resolution No. 15,505, adopted May 12, 1970, which declares: "Now, THEREFORE, BE IT RESOLVED that the Council of the City of Burbank hereby declares itself to be the redevelopment agency provided in Ordinance No. 2223, and all rights, powers, duties, privileges and immunities vested by the Community Redevelopment Law in such agency shall be, and are, vested in this body." It thus appears that the City Council of the City of Burbank is the Agency.

The Community Redevelopment Law provides as follows for the sale of real property: "...[A]n agency may, within the survey area or for purposes of redevelopment, sell...any real or personal property...." (Health & Saf. Code, § 33430, subd. (a).)

"Any...sale made pursuant to Section 33430 may be made without public bidding but only after a public hearing, notice of which shall be given by publication...." (Health & Saf. Code, § 33431.)

"Any such...sale shall be conditioned on the redevelopment and use of the property in conformity with the redevelopment plan." (Health & Saf. Code, § 33432.)

As amended effective January 1, 1977, section 33433 of the Health and Safety Code provides that before agency property is sold for development, the legislative body must approve the sale after a public hearing. The resolution approving the sale must contain findings that the consideration is not less than the fair market value or, if the sale is for less than estimated value determined at the highest use permitted under the plan, that the lesser consideration is necessary to effectuate the purposes of the plan.[1]

---

[1]The full text of section 33433 is as follows: "Before any property of the agency acquired in whole or in part, directly or indirectly, with tax increment moneys is sold or leased for development pursuant to the redevelopment plan, such sale or lease shall first be approved by the legislative body after public hearing. Notice of the time and place of the hearing shall be published in a newspaper of general circulation in the community for at least two successive weeks prior to the hearing. [¶] The agency shall make available for public inspection and copying at a cost not to exceed the cost of duplication: [¶] (a) A copy of the proposed sale or lease; [¶] (b) A summary which describes and specifies: [¶] (1) The cost of the agreement to the agency, including land acquisition costs, clearance costs, relocation costs, the costs of any improvements to be provided by the agency, plus the expected interest on any loans or bonds to finance the agreements; [¶] (2) The estimated value of the interest to be conveyed or leased determined at the highest uses permitted under the plan; and [¶] (3) The purchase price or sum of the lease payments which the lessor will be required to make during the term of the lease. If the sale price or total rental amount is less than the fair market value of the interest to be conveyed or leased, determined at the highest and best use consistent with the redevelopment plan, then the agency shall provide as part of the summary an explanation of the reasons for the difference. [¶] Such report shall be made available to the public no later than the time of publication of the first notice of the hearing mandated by this section. The resolution approving such lease or sale shall be adopted by a majority vote unless the legislative body has provided by ordinance for a two-thirds vote for such purpose and shall contain findings that the consideration is not less than fair market value in accordance with covenants and conditions governing such sale or lease or, with respect to any sale or lease at less than estimated value, determined at the highest use permitted under the plan, that such lesser consideration is necessary to effectuate the purposes of the plan."

In light of the statute and the May 12, 1970, resolution, the problem of parties which so vexed counsel and the superior court turns out to be only a phantom. The city council is the redevelopment agency. Although the council may conduct some of its activities using the name of "Redevelopment Agency," it is none the less the city council. The council, albeit referred to by its other title, has been a party defendant in this action from the beginning.

As mentioned above, Health and Safety Code section 33433 authorizes a sale of property by the agency only after approval by "the legislative body," which is defined as the city council or board of supervisors of the community. (Health & Saf. Code, § 33007.) Thus in a city which has created a redevelopment agency governed by a board other than the city council, the final approval for a sale under section 33400 may not be made on the approval of the Agency board alone. But in Burbank, where the city council is the agency, no such distinction exists.

▉ Has there been any defect of parties? We think not. The original complaint and the proposed supplemental complaint indicate plaintiff's purpose to (a) seek a review of the proceedings which led to the May 31, 1977, approval, and (b) enjoin the proposed sale as unlawful. The Burbank City Council is the appropriate defendant for both avenues of attack, whether the complaint denominates it as "council" or "agency."

The confusion in the trial court over the joinder of parties reflects another error of law. Code of Civil Procedure section 389, subdivision (a), defines the persons who "shall be joined" in an action, and concludes: "If he has not been so joined, the court shall order that he be made a party."

In this case the first law department judge who formed the opinion that the city council and the city were indispensable parties should have solved the supposed problem immediately by ordering joinder of the council and the city.

It follows that the dismissal of this action in the trial court was based upon a false premise, and for that reason the judgment must be reversed. We nevertheless proceed to discuss some issues of law which may arise again in this action.

■   The Agency and the Center contended in the trial court, and repeated here, their theory that the supplemental complaint was barred by two statutes of limitation, neither of which was pleaded. They are the limitation of 90 days as contained in Code of Civil Procedure section 1094.6 and 1 year as contained in Code of Civil Procedure section 526a. Neither of those sections is a bar to this action.

Section 1094.6 does place a 90-day limitation on certain proceedings brought under section 1094.5, but subdivision (e) of section 1094.6 states: "As used in this section, decision means adjudicatory administrative decision made, after hearing, suspending, demoting, or dismissing an officer or employee, revoking or denying an application for a permit or a license, or denying an application for any retirement benefit or allowance."

The action here does not fit those classifications.

The only reference to one year in Code of Civil Procedure section 526a is the provision that an action may be brought "by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein." This is not a statute of limitations, but a description of the class of persons entitled to bring such actions. (See *Plunkett v. City of Lakewood* (1975) 44 Cal.App.3d 344, 346 [116 Cal.Rptr. 885].)

We note that the trial court's conclusions, quoted above, include a statement that the decision of another judge striking amendments to the complaint had been "codified." We do not understand what the draftsman meant by this. But to avoid another problem in this case, we point out that a pretrial order affecting the pleading does not prevent the trial judge from making a different order if circumstances call for such a ruling. (See, e.g., Code Civ. Proc., §§ 576, 472; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 27, p. 2695.)

■   Finally, we point out that the charging allegations of the complaint and the supplemental complaint in this action are too vague and conclusionary to state a cause of action attacking the legality or regularity of the May 31, 1977, hearing or the legal sufficiency of the showing which was made in support of the approval which the council

ultimately gave. We assume that if plaintiff sees fit to go forward with any such attack, he will ask leave to file a more appropriate pleading.

The judgment is reversed.

Kingsley, J., and Early, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.