[Civ. No. 63729. Second Dist., Div. Three. Sept. 22, 1982.]

ITT GILFILLAN, INC., Plaintiff and Respondent, v.
CITY OF LOS ANGELES, Defendant and Appellant.

.COUNSEL

Ira Reiner, City Attorney, Thomas C. Bonaventura, Senior Assistant City Attorney, Ronald Tullen, Assistant City Attorney, and Sherri M. Kirk, Deputy City Attorney, for Defendant and Appellant.

Jeffrey A. Kent, William M. Poindexter and Poindexter & Doutré for Plaintiff and Respondent.

## OPINION

**GORMAN, J.***—The City of Los Angeles, defendant and appellant (City), appeals from a judgment of the superior court entered in favor of plaintiff and respondent ITT Gilfillan, Inc., a corporation (ITT).

### FACTUAL SUMMARY

The matter was submitted to the trial judge on a statement of stipulated facts.

For each tax year 1963 through 1975, City imposed a business license tax on ITT, the City contending that the taxes were due pursuant to section 21.190 and ITT contending that the taxes were due pursuant to section 21.167 of the City's Business Tax Ordinance (Municipal Code of Los Angeles).

Since many other manufacturers were going to be affected by the final outcome of one of the matters, ITT's action for refund with respect to the tax years 1963-1964, filed November 24, 1964, was chosen to proceed as a test case.

The ITT matter was tried in 1970. The trial court ruled in favor of the City but was reversed by the Court of Appeal in *ITT Gilfillan, Inc.* v. *City of Los Angeles* (1977) 72 Cal.App.3d 421 [140 Cal.Rptr. 193].

The City then conducted an audit with ITT's help and in 1979 and 1980 the City paid ITT refund of overpayment for the years 1963 through 1968 and 1976 through 1978.

---

*Assigned by the Chairperson of the Judicial Council.

On October 10, 1980, ITT, with permission of the superior court pursuant to written stipulation of the parties, filed its supplemental and amended complaint (based on the same facts as the original complaint except as to dates and amounts) contending that the City owed ITT the amount of overpayment for each of the tax years 1969 through 1975 plus prejudgment interest, and further that the City owed ITT prejudgment interest for the years that the City had already refunded to ITT the principal amounts of the overpayments.

The conclusions of law and judgment of the trial court in favor of ITT decided four issues here under attack. The first that ITT was entitled to prejudgment interest; secondly, that prejudgment interest commenced as of the date of overpayment; thirdly, that amount already refunded by the City to ITT should be first applied to interest and then to reduction of the amount of principal, i.e., the refund for overpayment; and, lastly, that the amended and supplemental pleadings filed in 1980 related back to the filing of the complaint (1964) and thereby overcame any limitations bar.

## ISSUES AND RESOLUTIONS

1. Should the City pay prejudgment interest on business license tax refunds? Yes.

2. If such prejudgment interest is permissible, does it start to accrue from the date of overpayment? Yes.

3. Should any amounts refunded by the City be first applied to accrued interest? No.

4. Does the amended and supplemental complaint for the recovery of overpayment of business taxes for the tax years 1969 through 1975 relate back to the filing of the original complaint (1964), thereby avoiding the bar of Government Code section 945.6, subdivision (a)(1)? No.

## DISCUSSION

### *Prejudgment Interest*

■ ITT calls our attention to a recently decided matter entitled *Todd Shipyards Corp.* v. *City of Los Angeles* (1982) 130 Cal.App.3d 222 [181 Cal.Rptr. 652] decided by a divided court.

In the *Todd* case, the City asserted the same position it is putting forth here in arguing that under the "home rule doctrine," the City had not

provided for payment of interest in the refund section 21.07 of the Los Angeles Municipal Code. The *Todd* court held the City liable for prejudgment interest on refunded taxes under Civil Code section 3287, subdivision (a),[1] a conclusion in which we agree.

The *Todd* court, at 130 Cal.App.3d at page 226, cited *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 682 [131 Cal.Rptr. 789, 552 P.2d 749] for the holding that ". . . [I]n order to recover interest, a claimant must satisfy three conditions: '(1) There must be an underlying monetary obligation; (2) the recovery must be certain or capable of being made certain by calculation; and (3) the right to recover must vest on a particular day.' "

All conditions are met herein.

Further, all payments in the case at bench were involuntary (made under protest), thus, as in *Todd,* this case is distinguished from *Ball* v. *County of Los Angeles* (1978) 82 Cal.App.3d 312 [147 Cal.Rptr. 252], cert. den., 439 U.S. 1116 [59 L.Ed. 75, 99 S.Ct. 1021] wherein the taxpayer paid voluntarily though in error.

### Commencement of Interest

The *Todd* case also decides at page 226 that interest starts running on the day that the respective payments were wrongfully collected and, "in each instance the right to recover vested on the same day on which the money was paid."

We not only agree with the reasoning of the majority in the *Todd Shipyards* case as to both holdings, but we are bound by the Supreme Court's denial of hearing.

### Application of Refund

The City urges that the trial court's decision that the amount refunded by it for the years 1963 through 1968 and 1976 through 1978 should be applied first to accrued interest and then to principal is error. We agree.

---

[1]Civil Code section 3287, subdivision (a), "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

In finding of fact 9, the court finds that: "When the City made each of the two refunds referred to above, the City communicated to ITT Gilfillan that the refund was for the principal amount of the overpayments because it was the City's position that it had no legal obligation to pay prejudgment interest on the overpayments and that ITT Gilfillan, with knowledge of the City's position, accepted each of the two refunds." In the stipulated facts, it is stated that the sums refunded for 1963 through 1968 and for 1976 through 1978 were, in effect, principal and that ITT Gilfillan does not "waive or release any claims or causes of action it may posses to require the City of Los Angeles to pay interest on any amounts refunded." Civil Code section 1479 provides that a debtor may designate at the time of performance how much performance is to be applied to the extinction of any particular obligation and a creditor must make such application.

The City is entitled, both on the undisputed facts and as a matter of law, to have the refund payments applied to the principal amounts of the refund.

### Relation Back

The original complaint was filed on November 24, 1964, charging overpayments for the years 1963 and 1964.

In October 1980, ITT filed a supplemental and amended complaint similar to the original complaint but adding to it the years 1969 through 1975 as years for which refunds had not been obtained plus prejudgment interest. We find that the doctrine of relation-back does not apply to a supplemental complaint and therefore does not apply to the tax years 1969 through 1975.

An amended complaint which concerns the same general facts as the original complaint relates back to the date of the filing of the original complaint and is not barred by the statute of limitations. (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559, P.2d 624, 85 A.L.R.3d 121].)

There can be little question that a supplemental complaint serves a different purpose. Primarily, a supplemental complaint deals with matters occurring *after* commencement of the action and it only sets up matters consistent with the original complaint. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1085, p. 2663, and § 1086, p. 2664.)

A supplemental complaint is in no sense an amended complaint. (*Witkin, supra,* § 1087, p. 2665.)

It is true that commencing with *Austin* v. *Massachusetts Bonding Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], the California courts have adopted a very liberal rule as far as amended complaints avoiding the bar of the statute of limitations. Even different causes of action will relate back to the original pleading and thereby avoid the bar of the statute of limitations as long as recovery is sought on the same general set of facts. (*Young* v. *Berry Equipment Rentals, Inc.* (1976) 55 Cal.App.3d 35, 38 [127 Cal.Rptr. 200]; *Schumacher* v. *Superior Court* (1979) 94 Cal.App.3d 187 [156 Cal.Rptr. 286].)

Respondent relies on three California cases, *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596; *Breceda* v. *Gamsby* (1968) 267 Cal.App.2d 167, 170-171, footnote 3 [72 Cal.Rptr. 832]; and *Bahten* v. *County of Merced* (1976) 59 Cal.App.3d 101, 114-115 [130 Cal.Rptr. 539]. In *Bahten,* there was a prematurely filed complaint against County of Merced for an alleged tort. The complaint did not allege compliance with Government Code section 945.4. Thereafter, the county granted plaintiff relief to proceed without the necessity of filing a government claim. Though Government Code section 945.4 states that action must be filed within 30 days after such relief, the plaintiff filed an amended complaint 45 days after the relief was granted by the superior court. In the *Bahten* case, the court held that, relief having been granted, the original complaint was sufficient and there did not have to be filed an amended (or supplemental) complaint. The *Breceda* case merely decided that where a cause of action is alleged against a fictitiously named defendant and in good faith plaintiff amends by substituting the true name for the Doe allegation limitations cannot be used as a bar. The *Austin* matter generally involved an amended complaint which was filed naming a new party under the Doe allegation. Thus, it related back to the original filing. As discussed above, none of these cases involved a true supplemental complaint which alleges newly accrued causes of action.

Cases have held that where there are new parties in a supplemental complaint there is no relation back. (*Spaulding* v. *Howard* (1898) 121 Cal. 194 [53 P. 563]; *Elling Corp.* v. *Superior Court* (1978) 48 Cal.App.3d 89 [123 Cal.Rptr. 734].)

In *Hoffman* v. *City of Palm Springs* (1959) 169 Cal.App.2d 645 [337 P.2d 521], the court affirmed the trial judge in granting the defendants a judgment on the pleadings where originally an unverified *claim* was filed and then an amended complaint was filed alleging the service and filing of a verified claim, stating at page 650 that appellant's contention that the *amended and supplemental claim* filed by them relates back to the date of filing of the original claim is without merit. But here it was the claim itself that was attempted to be supplemented or amended and not the complaint. The same general holding is found in *Steed* v. *City of Long Beach* (1957) 153 Cal.App.2d 488, 491-492 [315 P.2d 101], where it was held that a supplemental claim filed after the 90-day statutory period had expired could not relate back to the filing of the original claim.

In *Nolan* v. *Redevelopment Agency* (1981) 117 Cal.App.3d 494 [172 Cal.Rptr. 797], the original complaint was filed on April 29, 1977, and a supplemental complaint was filed on July 19, 1978, with leave of court, alleging that the council's action on May 31, 1978 (after the original complaint had been filed), did not provide a proper public hearing allowing open bidding nor give priority to local brokers and developers. The judgment dismissing the complaint was reversed. The defendant urged that the supplemental complaint was barred by two statutes of limitations, neither of which was pleaded,[2] one statute of limitations of 90 days as contained in Code of Civil Procedure section 1094.6, and the other one as contained in Code of Civil Procedure section 526a, being one year. The court in *Nolan* at page 502 states that Code of Civil Procedure section 1094.6 places a 90-day limitation on certain proceedings brought under Code of Civil Procedure section 1094.5 but that proceedings therein did not fit any of those classifications and that Code of Civil Procedure section 526a, was not a statute of limitations but a description of a class of persons who could bring such an action. The inference, therefore, is clear that had the supplemental complaint come within the parameters of Code of Civil Procedure section 1094.6, the supplemental complaint and the 90-day period would have been computed from the date of the filing of the supplemental complaint.

"It is firmly established that strictly new matter arising after the filing of a bill, properly set up by a supplemental bill, in support of the relief originally prayed for, cannot be considered a new cause of action, and that the statute of limitations has no application thereto. It is equally well settled, however, that a pleading, although denominated 'supplemental,' does not relate back to the time of the filing of the original complaint,

---

[2]The *Nolan* court does not discuss the failure to plead. In the case at bench the answer correctly sets up the bar under Government Code section 945.6.

petition, or similar pleading if a new cause of action is set forth . . . ." (51 Am.Jur.2d, Limitations of Actions, § 231, p. 786; 49 Cal.Jur.3d, Pleading, §§ 215 and 216, pp. 656-660.)

Further, at 49 Cal.Jur.3d, Pleading, section 213 at page 652, it is stated that unlike an amendment a supplemental pleading filed under the code leaves the previous pleading intact (citing cases). Therefore, it appears that where a supplemental complaint has been filed it is really two separate complaints or as many different complaints as there are complaints and supplemental complaints and they are considered separately and this is true although combined in one pleading. (See, 51 Am.Jur.2d, *supra,* § 231.)

In the matter before us, the original complaint was filed in 1964 and covered the years 1963 and 1964. The supplemental (and amended) complaint was filed in 1980, setting up overpayments of taxes for the years 1969 through 1975. Obviously, those causes of action did not accrue until payment had been made in each of those years. No matter what the label attached to the complaint alleging the overpayment for 1969 through 1975, it could only have been a supplemental complaint because the accrual of actions occurred yearly after 1974.

We hold that supplemental complaints do not relate back to the original filing of the complaint and therefore sustain appellant's position as to the bar of the statute of limitations for the years 1969 through 1975.

### DISPOSITION

This court reverses and affirms as follows: The trial court is reversed as to the following which are either implied or expressed in the conclusions of law and the judgment, (1) that ITT is entitled to a refund for tax years 1969 through 1975; (2) that the amount of refund by the City is to be applied to accrued interest and then to unpaid principal.

We affirm the trial court in its holding that the City of Los Angeles is obligated to pay prejudgment interest on business tax refunds and that interest runs from the date of overpayment.

The cause is remanded to the trial court for correction of its judgment and for further proceedings consistent with the views expressed herein.

Klein, P. J., and Lui, J., concurred.

A petition for a rehearing was denied October 19, 1982, and respondent's petition for a hearing by the Supreme Court was denied December 15, 1982.