**ENRICO'S INC., Petitioner-Appellant,**

**v.**

**Baxter RICE, Director, Department of Alcoholic Beverage Control; Wine & Spirits Wholesalers of Northern California, Inc., a California association; Consolidated Enterprises, Inc., d/b/a Rathjen, a corporation; Juillard, Inc., d/b/a Juillard Alpha Liquor Company, a California corporation; and House of Sobel, a California corporation, Respondents-Appellees.**

**No. 83–1689.**

United States Court of Appeals, Ninth Circuit.

Argued July 12, 1983.

Submitted Jan. 13, 1984.

Decided Feb. 14, 1984.

As Amended April 13, 1984.

J. Thomas Hannan, San Francisco, Cal., for petitioner-appellant.

Matthew P. Boyle, San Francisco, Cal., John McDonough, Ball, Hunt, Hart, Brown & Baerwitz, Beverly Hills, Cal., for respondents-appellees.

Before SWYGERT,* TANG, and REINHARDT, Circuit Judges.

TANG, Circuit Judge:

Appellant, Enrico's Inc., appeals from the district court's grant of summary judgment that held that the Department's price-posting procedure for wholesale distilled spirits distribution, established under California Business and Professions Code section 24756 and 4 Cal.Admin.Code section 100 ("Rule 100"), did not constitute a per se violation of section 1 of the Sherman Act. Defendants are the California State Department of Alcoholic Beverages ("Department"), certain wine and distilled spirits wholesalers and two wine and distilled spirits wholesale associations. We find that the present action does not present a case or controversy, and do not reach the constitutionality of Rule 100. We dismiss the appeal as moot.

## I BACKGROUND

Plaintiff-appellant operates Enrico's Sidewalk Cafe ("Enrico's") in San Francisco, California. Enrico's sells to its customers distilled spirits purchased from distilled spirits wholesalers. Under California's regulations these wholesalers are required under a price post scheme to file a "written

price schedule showing the price per case at which distilled spirits will be sold or distributed, and the discounts offered" to retailers. 4 Cal.Admin.Code § 100(a). The posted prices must remain in effect for at least a month, *id.* § 100(b), and the wholesalers are required to sell their products according to the price schedules. *Id.* § 100(k).

In January 1981, Enrico's filed an action for injunctive and declaratory relief in the District Court for the Northern District of California seeking to enjoin the operation of Rule 100. Enrico's contended that the requirement that the posted wholesale prices cannot be raised for 30 days is price-fixing and, therefore, a per se violation of the Sherman Act. The parties then filed cross-motions for summary judgment on this issue.

While the motions were pending before the district court, the California Court of Appeals for the First District issued its decision in *Lewis-Westco Co. v. Alcoholic Beverage Control Appeals Bd.*, 136 Cal. App.3d 829, 186 Cal.Rptr. 552 (1983) holding that "the price posting scheme embodied in section 24756 and the implementing rule [Rule 100] are invalid" as violative of the Sherman Act. *Id.* at 840, 186 Cal.Rptr. at 560. Shortly thereafter, on October 27, 1982, the district court issued an order to show cause why this case should not be dismissed as moot in view of the *Lewis-Westco* decision. Within a month, however, the court issued its memorandum of decision granting summary judgment in favor of defendants and upholding the constitutionality of Rule 100. *Enrico's Inc. v. Rice*, 551 F.Supp. 511, 515 (N.D.Cal.1982). The district court further certified the Rule 100 question to this court pursuant to 28 U.S.C. § 1292(b). *Id.* As to the mootness question, the trial court simply noted that all parties, except intervenor Baxter Rice, the Director of the Department, argued that the district court should issue its deci-

---

* Honorable Luther M. Swygert, United States Circuit Judge for the Seventh Circuit, sitting by designation.

sion; that the district court disagreed with the state court decision; and that the defendants in federal court were not permitted to intervene in the *Lewis-Westco* case. *Id.*

On February 3, 1983, the California Supreme Court denied a hearing of *Lewis-Westco.* The Department then moved for a stay of the case before the United States Supreme Court, which was denied on March 14, 1983. Three days later, the Department issued a bulletin stating that it did not intend "to enforce the provisions of Section 24756 of the Business and Professions Code and Rule 100 of the Department's Rules and Regulations pending a final resolution of the legal questions involved in this issue."

In May 1983, a petition for certiorari was filed in the United States Supreme Court in the *Lewis-Westco* case. Meanwhile, we accepted the interlocutory appeal of the present case, but then vacated submission on July 14, 1983, pending the resolution of *Lewis-Westco.* On October 3, 1983, the Supreme Court denied certiorari. The case at bar is, therefore, now ripe for determination.

## II ANALYSIS

### a. *Arguments of the Parties*

Amicus curiae, the plaintiffs in *Lewis-Westco* contend that the case before us is moot. They argue that because the Department has voluntarily ceased enforcement of the price posting scheme, there is nothing to enjoin and that there is no indication that the statute or rule in question will again be enforced. Appellant, however, insists that the voluntary cessation of the pricing scheme by the Department is no guarantee that Rule 100 will not be enforced in the future.

### b. *Mootness*

 Exercise of our power to adjudicate the instant case depends upon the existence of a case or controversy; we lack jurisdiction to hear moot cases. *SEC v. Medical Committee for Human Rights,* 404 U.S. 403, 407, 92 S.Ct. 577, 580, 30 L.Ed.2d 560 (1972). It is our duty "to decide actual controversies ... and not to give opinions upon ... abstract propositions ...." *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895).

### A. *Injunctive Relief*

 We recognize that the voluntary cessation of allegedly illegal conduct does not deprive a court of the power to grant injunctive relief. *United States v. W.T. Grant Co.,* 345 U.S. 629, 632–33, 73 S.Ct. 894, 897–98, 97 L.Ed. 1303 (1953). Contrary to appellant's suggestion, however, the Department's announcement of the discontinuance of the price posting scheme by its bulletin of March 17, 1983, was not voluntary, but legally compelled by the *Lewis-Westco* decision. An administrative agency cannot declare the judgment of a court to be void. *DeRasmo v. Smith,* 15 Cal.App.3d 601, 609, 93 Cal.Rptr. 289, 294 (1971). Moreover, an agency must follow the correct interpretation of a rule or regulation, *Pacific Motor Transp. Co. v. State Bd. of Equalization,* 28 Cal.App.3d 230, 242, 104 Cal.Rptr. 558, 565 (1972), and under the California Constitution only the courts, not administrative agencies, may review the constitutionality of a statute. *Dash Inc. v. Alcoholic Beverage Control Appeals Bd.,* 683 F.2d 1229, 1234 (9th Cir. 1982); *Regents of the Univ. of California v. Public Employment Relations Bd.,* 139 Cal.App.3d 1037, 1042, 189 Cal.Rptr. 298, 301 (1983). The Department therefore acted in accordance with its legal obligations when it discontinued the pricing scheme.

 In the case at bar we cannot see the threat of a real or immediate injury to plaintiff that is necessary to demonstrate the existence of a case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 1665–66, 75 L.Ed.2d 675 (1983). Past wrongs are not enough for the grant of an injunction. *Id.* at 1666. On appeal there must be "something more than whether the injunction should have entered." *Alyeska Pipeline Service Co. v. Int'l Brotherhood of Teamsters,* 535 F.2d 1144, 1145 (9th Cir.1976).

Appellant, however, points to the case of *Mutual Wholesale Liquors v. Alcoholic*

*Control Appeals Bd.*, 2 Civ. 64400 pending in the Second District, in which the identical Rule 100 issue decided by *Lewis-Westco* has been raised. It contends that there is a real danger that the *Mutual* court might render a decision contrary to *Lewis-Westco*, thereby causing the Department again to enforce the price posting scheme.

We reject this contention. Although the appeals court of one district is not bound to follow the decisions of a coordinate court in another district, such decisions often are found to be persuasive and are therefore followed. *McGlothan v. Department of Motor Vehicles*, 71 Cal.App.3d 1005, 1017, 140 Cal.Rptr. 168, 176 (1973); *Chambers v. California Unemployment Insurance Appeals Board*, 33 Cal.App.3d 923, 928, 109 Cal.Rptr. 413, 416–17 (1973); *see Johnson v. MacCoy*, 278 F.2d 37, 49 n. 5 (9th Cir.1960) (citing California cases). More importantly, the denial of a hearing by the California Supreme Court of the decision of one district has been treated by other districts, including the Second District, as binding authority. *See, e.g., ITT Gilfillian Inc. v. City of Los Angeles*, 136 Cal.App.3d 581, 585, 185 Cal.Rptr. 848, 850 (1973) (Second District); *Markham v. County of Los Angeles*, 35 Cal.App.3d 132, 135–36, 110 Cal.Rptr. 610, 612 (1973) (Second District); *Scott v. Yeager Construction Co.*, 12 Cal.App.3d 1190, 1194, 91 Cal. Rptr. 232, 234–35 (1970) (Fourth District). Although the California Supreme Court has not explicitly endorsed this practice, *DiGenova v. State Board of Education*, 57 Cal.2d 167, 178, 367 P.2d 865, 871, 18 Cal. Rptr. 369, 375 (1962); *see Lawson v. Kolender*, 658 F.2d 1362, 1364 n. 3 (9th Cir. 1981), *aff'd*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), we conclude that it is improbable that the Second District will not follow the First District's decision in *Lewis-Westco* given the fact that the California Supreme Court denied a hearing of that case.

We emphasize also that the Department has assured us that it will not enforce the price posting procedure unless the petition for certiorari is granted or it prevails in *Mutual.* The petition for certio-

rari has been denied, and as we have demonstrated, *Mutual* will most probably follow the decision in *Lewis-Westco.* We therefore come to the inevitable conclusion that enforcement of the pricing scheme cannot reasonably be expected to recur. *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968). Moreover, this court cannot grant appellant effective relief. Were we to reverse the district court and hold in Enrico's favor, it would receive no relief beyond that already provided by *Lewis-Westco.* Where events have occurred that prevent us from granting effective relief, we lack jurisdiction and must dismiss the appeal. *Mills*, 159 U.S. at 653, 16 S.Ct. at 133; *Canez v. Guerrero*, 707 F.2d 443, 446 (9th Cir.1983).

Appellant, however, contends that we have jurisdiction to hear this case under the "capable of repetition yet evading review" exception to the mootness rule. Enrico's maintains that the possibility of conflicting California appeals decisions creates the danger of the type of intermittent enforcement of the pricing policy that the "capable of repetition" doctrine seeks to prevent. We have already commented upon the fallacy of this argument. Moreover, the "capable of repetition" doctrine only applies in exceptional circumstances, such as where the challenged action is too brief ever to be fully litigated prior to its cessation and where it can be shown that there is a reasonable expectation that plaintiff will again be subjected to the allegedly wrongful activity. *Lyons*, 103 S.Ct. at 1669; *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam). Enrico's has failed to show a likelihood that the pricing policy will again be enforced or that the unlikely event of a future enforcement of the pricing policy would be too brief to be challenged.

## B. *Declaratory Relief*

Although we lack jurisdiction to grant an injunction, it is our duty to consider separately the appropriateness of declaratory relief. *Steffel v. Thompson*, 415 U.S. 452, 463, 468, 94 S.Ct. 1209, 1217, 1220, 39 L.Ed.2d 505 (1974). Nonetheless,

the case or controversy requirement applies to declaratory judgment actions also. *Williams v. Alioto*, 549 F.2d 136, 141 n. 4 (9th Cir.1977).

The same events that have mooted injunctive relief, persuade us that the case is also moot for purposes of declaratory relief: The Department has discontinued enforcement of the pricing scheme; certiorari has been denied in *Lewis-Westco;* the *Mutual* court will most probably follow the decision in *Lewis-Westco* and there is no effective remedy this court can fashion for plaintiff. There simply does not exist a substantial controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974). We also do not have before us a case where a state policy has continued unreviewed and unabated. *Id.* at 126–27, 94 S.Ct. at 1700–01.

The appeal is DISMISSED as moot and the judgment of the district court is VACATED with instructions to dismiss the complaint as moot to the extent it is based on the validity of Rule 100.[1]

---

1. *See, e.g., City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 288 n. 9, 102 S.Ct. 1070, 1074 n. 9, 71 L.Ed.2d 152 (1982), *United States v.* *Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).